*1761 The opinion of the court was delivered by
Monroe, J.
In this proceeding, certain property, which for convenience, will be designated as squares 4, 5, 6 and 11, was sold under executory process, and a rule, taken upon the adjudieatees to accept title, having been made absolute, they have appealed.
The objection to the title, which is seriously urged, is, that O. A. Fairex, “defendant in executory process, pretends to hold title from the “ heirs of E. A. Collins, by act of purchase before A. V. Philips, notary, “ dated October 15, 1885, in which sale, it is pretended that G. L. Hall “ was their agent, acting for them under power of attorney, when in “ truth, and in fact, said Hall was not their agent, or, if he was, the “ said agency has never legally been proven.”
It is admitted that the property in question was acquired by purchase by E. A. Collins, April 9, 1870; that Collins’ wife died in 1874; and that he died in 1888; that their successions were opened, and that the following- named persons issue .of the marriage, were put in possession of their estates, by judgment, signed March 26, 1884, to-wit: John S.; Elizabeth, wife of James Franklin; Kate L., wife of William F. Cleveland; Eli A., Jr.; and Nettie Collins.
The evidence shows, that, upon August 3, 1885, squares Nos. 4, 5 and 6 were sold for taxes, under Act 82 of 1884, to O. A. Fairex, and that, thereafter, Gilbert L. Hstll, acting as the agent and attorney in fact of said Collins’ heirs, sold said three squares, together with square No. 11, to said Fairex, by act, before A. V. Philips, notary public, of date October 15, 1885. This act recites that said Hall makes the sale by virtue of a special power of attorney, annexed and made part thereof. The instrument thus referred to purports to be a power of attorney, signed by the heirs named, except Nettie Collins, and also signed by a number of witnesses. Nettie Collins appears to have been represented in the matter by John S. Collins, claiming to act under a power of attorney from her, but, whilst the signature of John S. Collins, signing for himself and for Nettie Collins, purports to have been verified by the clerk of the District Court of Douglas County, Nebraska, no power of attorney from Nettie Collins, authorizing him to represent her, appears.
It is claimed that, under the decisions of this court in “Succession of Lehman,” 41 Ann., 987; and “Rouyer vs. Carroll,” 47th Ann., 769, the power of attorney to G. L. Hall became authenticated by having been annexed to the authentic act which purports to have been executed pur *1762 suant to its authority. The syllabus in the matter of the Succession of Lehman is broader than the text of the opinion, which latter goes no further than to hold that the acts of procuration there in question had been authenticated “by certain judicial proceedings.” What those proceedings were does not appear, and the opinion affords no support for the proposition now under consideration.
In “Rouyer vs. Carroll,” there was no question of the genuineness (or authenticity, in that sense) of the signature to the act of procuration, which had been acknowledged before the American Consul at Bremen. The objection urged was that the instrument was not an authentic act, in the sense in which that term is used in Article 2234 of the Civil Code, i. e., that it had not been executed before a notary public, or other officer, etc., in the presence of tiuo witnesses. And it was held that the defect in the form of its execution, considering the purpose for which it was used, was cured by reason of its being annexed to an instrument in which such defect did not exist. This view of the matter is no doubt correct, where the authentic act, to which the act under private signature is annexed, or in which it is referred to, is executed by the same person who has signed the other, but it can not be sustained when applied to a case where the authentic act, to which the procuration is attached, is signed by the agent named in, and appointed by, such procuration. The difference between the two propositions is illustrated by the law cited in Rouyer vs. Carroll, and by the decision in Widow Botto vs. Berges et al., 47 Ann., 959.
Thus, Article 2242, C. C. (cited in Rouyer vs. Carroll), reads: “'An act under private signature, acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has, betweep those who have subscribed to it, and their heirs and assigns the same credit as an authentic act.” In the matter of Widow Botto vs. Berges el al., it axDpeared that the heirs of Mrs. William Piles intervened in an authentic act, and that one of them was represented by an agent- acting under a power of attorney executed before a notary, in New York, without witnesses. It was held to be an act under private signature, and, the signature not having been proved on the trial, inadmissible as authentic evidence to prove title.
The plaintiff in rule, however, caused to be examined as a witness, Mr. Gr. L. Hall, formerly a member of the (New Orleans bar, of high standing, who acted as the agent of the heirs of E. A. Collins and wife in *1763 making the sale to Eairex, and, whilst that gentleman’s memory, after a lapse of fifteen years, is not perfectly clear as to the manner in which it was done, he testifies positively that he remitted the money received by him, as the price of the property, to said heirs, respectively; that he has heard of no claim or complaint from them, or either of them, since then, and that he would have been likely to have heard, if any complaint had been made. This testimony is, as we think, strongly corroborated by the fact that, in 1893, Nettie Collins, by act, executed before the clerk of the District Court of Douglas County, Nebraska, in the presence of two witnesses, which was duly certified according to the act of Congress and attached to the sale made by SE^id Hall, agent, to Eairex, expressly ratified said sale, so far as concerned her interest. Beyond this, it is admitted that Fairex has had civil possession of the property since his purchase, in 1885; it is proven that, since that time, for fifteen years, he has appeared upon the public records as the owner; that since 1892, said property had been subjected to mortgages, imposed by him, and duly recorded; and it is not suggested that there has been at any time since his said purchase, any claim or pretense of adverse title or possession. Under these circumstances, we are of opinion that title tendered by the plaintiffs in rule is a safe one and should be accepted by the adjudicatees.
The judgment appealed from is accordingly affirmed.