(93 South. 682)

No. 23349.

**GREENING et al. v. NATALIE OIL CO. et al.**

(Jan. 2, 1922. On Rehearing, June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Mortgages** ⊚⇒533—**Land not described in return or deed held not embraced in the sale.**

Conceding that a particular tract of land was covered by a mortgage, where in foreclosure proceedings via ordinaria the petition and writ of fi. fa. referred only to the mortgages for the description and the sheriff's return, and deed omitted such tract, it was not included in the foreclosure sale.

*On Rehearing.*

2. **Adverse possession** ⊚⇒81—**Prescription; conveyance by one purporting to act as agent held to support, though authority not in writing.**

A conveyance by one purporting to act under a written power of attorney will form the basis of prescription acquirendi causa under Civ. Code, art. 3479, though the power of attorney did not embrace the property in dispute, and he had no written authority to convey such property.

3. **Adverse possession** ⊚⇒80(1)—**Prescription, deed held intended to convey all tracts described, though one not owned by vendor, and would make acreage exceed that recited.**

A conveyance by one purporting to act under a power of sale, relied on as the basis of prescription acquirendi causa, *held* intended to convey the entire tract described in the deed, though one piece therein described was not owned by the vendors and would make a greater acreage than that recited in the conveyance.

O'Niell, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by T. J. Greening and others against the Natalie Oil Company and others. From a judgment for defendants, plaintiffs appeal. Judgment set aside, and suit dismissed on rehearing.

Pegues & Burgess and Liverman & Pollock, all of Mansfield, for appellants.

Thigpen, Herold & Lee, of Shreveport, for appellees.

By the WHOLE COURT.

PROVOSTY, J. Plaintiffs in this petitionary action claim title by inheritance from Sarah Greening and J. R. Greening. Defendant does not dispute their heirship, but contends that the ownership of the land in dispute—the S. E. ¼ of the N. E. ¼ of section 19, township 13, range 10—passed out of Sarah and J. R. Greening at the foreclosure sale of a mortgage given by them. One of defendant's predecessors in title was the adjudicatee at this foreclosure sale; but we find that while it is doubtful whether the said mortgage included the said land it is not doubtful that the foreclosure sale did not.

In the act of mortgage the description of the lands mortgaged reads:

"Lots 1 and 2 in Sec. 30, east of Red river in T. 13, R. 10, also lot 1 of Sec. 30 east of Red river, being fractional N. E. ¼ of N. E. ¼ of said section 30, T. 13, R. 10, 15.63 acres; lot 2 of Sec. 30, east of Red river, being fractional S. E. ¼ of N. E. ¼ of said Sec. 30, T. 13, R. 10, 27.24 acres.

"The following portions of lands are added and included in the foregoing act of mortgage, to wit:

"Lots 1, 2, 3, 4, and 5, Sec. 19, T. 13, R. 10, in all 187.47 acres; also lots 1 and 2, Sec. 30, 42.87 acres, more fully described E. ½ of N. E. ¼ of Sec. 30, in T. 13, R. 11, east of river; E. ½ of N. E. ¼ of Sec. 19, T. 13, R. 11, containing in all 185.15 acres and 42 acres, in all 230 acres, all of said lands lying east of Red river descending."

We reproduce here a part of the map of the United States surveys showing most of the lands mentioned in the several acts figuring in this opinion:

lots 1, 2, 3, 4, and 5 of section 19 and 1 and 2 of section 30, and not to include other lands or the land in dispute. There can be no doubt of this in so far as E. ½ of N. E. ¼

In the said description the part which defendant contends has reference to the land in dispute is that following the words "more fully described," viz.:

"E. ½ of N. E. ¼ of Sec. 30, T. 13, R. 11, east of river; E. ½ of N. E. ¼ of Sec. 19, T. 13, R. 11. containing in all 185.15 acres and 42 acres, in all 230 acres, all said lands lying east of Red River descending."

The range is here given as 11, whereas, manifestly, range 10 was intended. But the part of the description following the words "more fully described" appears to have been intended merely to describe more fully the

of section 30 is concerned, for E. ½ of N. E. ¼ of section 30, township 13, range 10, east of Red river, is but another way of describing said lots 1 and 2 of section 30, township 13, range 10, east of Red river; the E. ½ of N. E. ¼ of section 30, township 13, range 10, east of Red river being composed in its entirety of said two lots 1 and 2 of said section 30 east of Red river. And the question occurs, If these added words were intended merely for a more full description of the lots in section 30, why should they not have been similarly intended as merely a more full description of the lots in section 19? Cer-

tainly what follows the words "more fully described" appears to have been added for the more full description of the lots in section 19 as much as for the more full description of these in section 30. Moreover, the acreages given indicate that the intention was to mortgage only the lots, and not in addition the land in dispute, for the total acreage would then have been much larger. It would therefore seem to be almost certain that the land in dispute was not included in said mortgage. But conceding for the argument that the point is doubtful, and giving defendant the benefit of that doubt, we pass to the consideration of whether said land was included in the seizure and the sale in the foreclosure proceeding.

[1] The foreclosure proceedings were via ordinaria, and included another mortgage given by the same Mrs. Sarah Greening and J. R. Greening. In this other mortgage these mortgagors were joined by T. J. Greening and Willie L. Greening, the brother and sister of J. R. Greening, and children of Mrs. Sarah Greening. The description of the lands covered by this other mortgage reads as follows:

"Lots 1, 2, and 5 in Sec. 19, T. 13, R. 10, and all that portion of Sec. 24 west of Red river in T. 13, R. 11; also lot 1 of Sec. 30, T. 13, R. 10; lot 6 of Sec. 30, T. 13, R. 10; lots 3 and 4 of Sec. 19, T. 13, R. 10; lots 4, 5, 7, and 8 of Sec. 30, T. 13, R. 10; lots 2 and 3 of Sec. 30, T. 13, R. 10; lot 9 of Sec. 30, T. 13, R. 10; and N. W. ¼ of Sec. 31, T. 13, R. 10, except the E. ½ of E. ½ of N. W. ¼ of Sec. 31, T. 13, R. 10, sold to T. J. Williams, Jr., January 3, 1885, containing 683.19 acres. "Also the following tract of land in said parish. viz.: The S. ½ of S. W. ¼ of Sec. 26; and W. ½ of Sec. 35, T. 13, R. 11, and N. W. ¼ and E. ½ of S. W. ¼ and fractional W. ½ of N. W. ¼ of S. W. ¼ of Sec. 2, and fractional lot 6 of Sec. 3 east of Bayou Pierre river, all in T. 12, R. 11, containing 679.12 acres, the whole aggregating 1,362 acres, together with all improvements thereon."

The lands covered by the first of these mortgages were all in one body; but those in the second mortgage were by no means so; as appears by a comparison of said description with the township map.

The petition for the foreclosure of these mortgages and the judgment against the mortgagors did not describe the lands mortgaged except by the general statement that they were the lands mentioned in the acts of mortgage.

In like manner the writ of fi. fa. issued on the judgment directed the sheriff to seize and sell the lands "described in annexed copies of mortgages."

In the sheriff's return of what lands he seized and advertised and sold, and in his deed to defendant's author in title, the description is the same. It reads:

"All of that part of Sec. 24, T. 13, R. 11, lying west of Red river, and that part of Sec. 19, T. 13, R. 10, lying west of Red river, and all of N. ½ of Sec. 30, and N. ½ of S. ½ of same section, T. 13, R. 10, lying on west side of Red river, and S. W. ¼ of S. W. ¼, same section; W. ½ of E. ½ of N. W. ¼, Sec. 31, T. 13, R. 10, and lots, 1, 2, 3, 4, and 5, Sec. 19, T. 13, R. 10; lots 1 and 2, section 30, T. 13, R. 10 east of Red river, S. ½ of S. W. ¼, Sec. 26, W. ½ section 35, T. 13, R. 11, N. W. ¼ and E. ½ of S. W. ¼, section 2, and fractional W. ½ of N. W. ¼ and fractional W. ½ of N. W. ¼ of S. W. ¼, same section; fractional lot 6, section 3, east of Bayou Pierre, T. 12, R. 11, situated in Red River parish."

It will be observed that no part of this description can by any possibility be applied to the land in dispute—E. ½ of N. E. ¼ of Sec. 19, T. 13, R. 10. This land, therefore, was not included in the foreclosure sale.

Defendant claims title also by the prescription of 10 years acquirendi causa.

The foreclosure sale was made in 1887. The adjudicatee was Sempronious Russ. His widow and heirs, in 1902, made a sale by authentic act to a colored man named F. W. Beck, by the following description:

"All that portion of S. E. ¼ of N. E. ¼, Fract. N. W. ¼ of N. E. ¼, Fract. E. ½ of

S. E. ¼ of Sec. 19, also Fract. E. ½ of N. E. ¼ of Sec. 30, T. 13, R. 10, lying east of Red river, containing 110 acres more or less, with all the improvements thereon and appurtenances thereto belonging."

This included the land in dispute; and the parol evidence shows that the Russes cultivated a part of this land before the sale to Beck; and that this occupancy of part with title to the whole has continued to the present day. On this purchase by Beck and the continuous and uninterrupted actual possession by him and his successors in title, and on the absence of all evidence of any actual bad faith on his part and on the part of his successors in title, is founded the ten year plea of prescription.

It appears, however, that in the sale to Beck the widow and heirs of Russ were represented by an agent acting under a written power of attorney, and that the only lands which this power of attorney included were the following:

Fractional W. ½ of N. W. ¼ of S. W. ¼ of section 2, township 12, range 11, east of Bayou Pierre in the parish of Red river, and state of Louisiana, and lots 1, 2, 3, 4 and 5, section 19, township 12, range 10, and lots 1 and 2, section 30, township 13, range 10, being 153 acres, more or less, on the east bank of Red river, parish and state aforesaid.

Also S. ½ of S. W. ¼ and N. W. ¼ of S. W. ¼, section 7, and the S. E. ¼ of N. W. ¼ of section 30, township 13, range 9, being ———— acres, more or less, in the parish and state aforesaid.

Range 12 here was manifestly meant for range 10; but by no known process can this description be made to include the land in dispute—the S. E. ¼ of N. E. ¼ of section 19, township 13, range 10; and hence the question presented is whether the prescription of 10 years acquirendi causa can be founded on a purchase of land made of an agent whose power of attorney does not include the land sold.

We think not. One of the requisites for the prescription of 10 years acquirendi causa is a title "legal and sufficient to transfer the property." C. C. art. 3479. Now, since "all sales of immovable property shall be made by authentic act or under private signature" (article 2440, C. C.), and, in consequence, a mandate to sell immovables must be in writing (Hennen's Dig. p. 530, No. 1, and p. 831, No. 11), an act emanating from an agent cannot be said to be "legal and sufficient to transfer" land unless the agent have authority in writing to transfer the land.

It is also noteworthy that the sale to Beck purports to convey only 110 acres; and that it is doubtful therefore, whether this particular tract which the principals of the agent did not own and which the agent was not authorized to sell was intended to be included in the sale, as the acreage would then have largely exceeded 110 acres. In other words, it is doubtful whether the description in the act of sale (which description is, by the way, very imperfect) was not intended to cover only the lots which were authorized by the power of attorney to be sold.

The judgment appealed from, which rejected plaintiff's demand, is therefore set aside; and it is now ordered, adjudged, and decreed that the plaintiffs, T. J. Greening, Mrs. Willie L. Ellsworth, Mrs. Kate Du Bois Elder, Mrs. Mattie Du Bois Harris, Mrs. Jennie Du Bois Praether, Miss Annie Du Bois, S. P. Du Bois, J. W. Du Bois, Miss Mattie Lou Hughes, Miss Margery Hughes, Mrs. Lillian Williams Smith, Duke Williams, John Williams, and Bessie Williams, be and are hereby recognized as owners of a thirty-one forty-eighths undivided interest in the southeast quarter of northeast quarter of section 19, township 13, range 10 west, parish

of Red river, and as such entitled to the joint possession of said land, with reserve of any rights they may have to demand an accounting of defendant in connection with said land; and that defendant pay the costs of this suit.

O'NIELL, J., dissents.

### On Rehearing.

### By the WHOLE COURT.

PROVOSTY, C. J. [2] In Bedford v. Urquhart, 8 La. 241 (28 Am. Dec. 137) this court said:

"A sale of immovable property, followed by tradition by a person styling himself the attorney in fact of the owner, but whose power of attorney is not produced, is only defective for want of the evidence of his authority, and not a nullity of form resulting from his legal incapacity. If he had stated himself to be the tutor or curator of the owner, the sale would be null for defect of form, as the purchaser would be considered as having purchased in bad faith, from a person legally incapable of selling."

In commenting upon the Urquhart Case, this court, in the case of Reeves v. Towles, 10 La. 276, on page 284, said:

"The next question is, What is the character of this defect? Is it such a defect of form as vitiates the title considered as the basis of the 10-year prescription? If the parish judge had assumed to sell the land as his own, his want of title would not have destroyed the right of his vendee to prescribe; and we hold as in the case of Bedford v. Urquhart, 8 La. Rep. 234, 28 Am. Dec. 137, and Id., 241, that where one takes upon himself, as the attorney in fact of another, to sell, and delivers possession, that his deed of sale may form the basis of prescription, because the defect consists in the want of evidence of the mandate, and is not a nullity of form resulting from the legal incapacity of the vendors."

See, also, Hall v. Mooring, 27 La. Ann. 596; Giddens v. Mobley, 37 La. Ann. 417; Dufour v. Camfranc, 11 Mart. (O. S.) 714.

On the original hearing of this case these authorities were not referred to. They are, of course, conclusive. No authorities having been cited on this point in the original hearing, we simply assumed that there were none, and dealt with the matter as of first impression, and erroneously (in the light of these authorities) took the view that the defect in question in the title was one of form, and therefore fatal to the plea of prescription of 10 years.

[3] We have also become convinced that the entire tract described in the deed in favor of Beck was intended to be conveyed.

The plea of prescription of 10 years must therefore be sustained, and the suit of plaintiffs dismissed.

The judgment below was of nonsuit only; it should have been absolute.

The judgment appealed from is therefore set aside; and it is now ordered, adjudged, and decreed that the suit of plaintiffs be dismissed, at their cost in both courts.