MONJURE, SR., v. COUSINS

---

(March 14, 1927. Opinion and Decree.)
(April 11, 1927. Rehearing Refused.)
(May 23, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana Digest — Prescription — Par. 35; Mandate—Par. 49, 50.
A just title, translative of property, is all that is required to support the prescription of ten years acquirendi causa. A conveyance by an agent in authentic form under a power of attorney describing the property will serve as the basis of the prescription of ten years.

Appeal from Civil District Court, Division "C". Hon. Columbus Reid, Judge.

Action by Anthony Monjure, Senior, against Mrs. Amelia Cousins.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. C. Davey, R. C. Davey, of New Orleans, attorneys for plaintiff, appellant.

L. G. Hoover, of New Orleans, attorney for defendant, appellee.

## OPINION

WESTERFIELD, J. Plaintiff sues to recover $335.00, alleging that he paid that amount to defendant as part of the purchase price of certain described property, the title to which was defective. Defendant answered, asserting that the title to the property sold to be good, and reconvened, asking judgment for specific performance, ordering plaintiff to accept the title and pay $3015.00, the balance of the purchase price.

There was judgment rejecting plaintiff's demand and in favor of defendant as prayed for. Plaintiff has appealed.

The defect in defendant's title is said to consist in the fact that in the act of sale before H. R. Warren, Clerk of Court and Ex-officio Notary Public for the Parish of St. Tammany, dated September 26, 1893, the act by which defendant acquired the property in question from the heirs of one John Addis Smith, ten of the twelve heirs of Smith were represented by an agent under a power of attorney, which was not

in the proper form because "the acknowledgments are not made in the presence of the subscribing witnesses" and "A power of attorney to an agent to sign an authentic act should be in authentic form". Denegre vs. Fairex, 52 La. Ann. 1762, 28 South. 316.

Defendant contends that the powers of attorney were in due form as writings under private signature, C. C. 2992, and pleads the prescription of ten and thirty years.

Defendant acquired in the year 1893 and agreed to sell in 1919, consequently thirty years had not elapsed. But we think the prescription of ten years, acquirendi causa, has perfected defendant's title so far as the defect complained of is concerned, without stopping to discuss the merit of the objection.

Defendant undoubtedly possessed a just title translative of property as required by R. C. C. 3478, 3479.

"After possession of twenty years by a purchaser under a sale made by one acting as agent, the authority of the agent can not be contested." Moore vs. Hampton, 3rd Ann. 193.

Even if the agent acted under purported power of attorney which did not describe the property to be sold and contained no written authority to convey it, the title thus conferred will serve as the basis of the prescription of ten years. Greening vs. Natalie Oil Co., 152 La. 468, 93 South. 682.

Since this suit was filed Anthony Monjure, the plaintiff, died, and his heirs on proper motion have been made parties.

The judgment appealed from is correct and is, therefore, affirmed, with substitution of the following named heirs in lieu of Anthony Monjure:

Mrs. Rosario Lacantro, widow of the decedent, in her individual capacity, and as tutrix of the minor daughter of decedent.

Marion Monjure.

Mrs. Margaret Monjure, wife of Jas. H. Carter.

August J. Monjure.

Mrs. Rosie Monjure, wife of Charles Spizale.

Joseph Monjure.

Angelo Monjure.

Anthony Monjure, Jr.

Mrs. Mary Monjure, wife of Roy Wagner.

Theresa Monjure.

John Monjure.