No. 2785

Second Circuit

---

RUTLEDGE v. HARRELL

---

(May 13, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. Louisiana Digest—Prescription—Par. 35, 36; Mandate—Par. 48, 50.

A power of attorney showing that the president and secretary of a corporation are authorized to make a transfer, at

tached to a deed signed by the president alone, is sufficient transfer of title to serve as the basis of prescription of ten years.

2. **Louisiana Digest—Prescription—Par. 37.**

The State of Louisiana vested an equitable title in the puchaser as soon as the title of the state was confirmed, the state having sold the warrant under which the location was made by the purchaser. Therefore, it was the equivalent of a final receipt and operated as a severance of the land from the public domain and is sufficient title to serve as a basis of the prescription of ten years.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Morehouse. Hon. Percy Sandel, Judge.

Action by W. J. Rutledge against S. J. Harrell.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Todd & Todd, of Bastrop, attorneys for plaintiff, appellant.

Mad'son & Madison, of Bastrop, attorneys for defendant, appellee.

WEBB, J. The plaintiff, W. J. Rutledge, alleging title by mesne conveyances from the United States to SW¼ of NW¼ of Section 17, Township 22 North, Range 7 East, of Morehouse parish, Louisiana, brought this action against S. J. Harrell to be decreed the owner and to be placed in possession of the property, alleging that Harrell illegally held possession.

Defendant excepted that the petition failed to state a cause of action, and further alleged that he had acquired the property on the 7th day of March, 1901, as per deed recorded on the same date in the conveyance records of Morehouse parish,

Louisiana, and that he had been in possession of the property since that date to the date of the suit, May 21, 1925, and especially pleaded the prescription of ten years; and, further, defendant answered in effect, denying plaintiff's allegations and alleging his ownership and again pleading the prescription of ten years.

The record does not show whether or not the exception and plea of prescription was referred to the merits, but it appears to have been tried and evidence introduced thereon without objection, and judgment was rendered sustaining the plea of prescription and rejecting plaintiff's demands, from which he appeals.

OPINION

The evidence offered on the trial of the plea consisted of a notarial act of transfer by the Morehouse Lumber Company, represented by its president, of date and recorded as above, and evidence was also introduced which established that defendant took actual physical possession of the property immediately following the sale, and had continued in possession until the date of the trial.

There were also offered in evidence the following instruments:

(a) A copy of an instrument from the United States Land Office at Baton Rouge, Louisiana, which purports to be a sale of Land Warrant No. 4117 by the State of Louisiana to Henry M. Bry, of date January 9, 1858, authorizing the purchaser, his heirs or assigns, to select three hundred and four acres of land donated by the United States to the State of Louisiana under Act of Congress of date December 20, 1848.

(b) A copy of an instrument from the United States Land Office at Baton Rouge, Louisiana, which purports to be an application for and location by W. H. Gayle under the above warrant No. 4117, of date

December 26, 1860, in which the land in contest is described.

(c) A copy from the entry book from the United States Land Office at Baton Rouge, Louisiana, showing the selection of the property in contest by the State of Louisiana under warrant No. 4117 of date February 6, 1861, and the approval of the government, of date March 23, 1908.

(d) A copy of a patent covering the land in contest issued to W. H. Gayle under a location under warrant No. 4117, of date August 31, 1920.

All of the instruments referred to were offered without objection and are apparently conceded to establish the transactions purported to be shown thereby, but the plaintiff contends that the plea of prescription should not have been sustained on the following grounds:

First: That the title acquired by defendant from the Morehouse Lumber Company was invalid in point of form and not sufficient for the basis of the prescription of ten years.

Second: That the title to the property was vested in the United States until March 23, 1908, the date of the approval by the government of the selection by the state, and in the State of Louisiana from that date until August 31, 1920, and that prescription did not begin to run until the latter date, and that ten years had not passed since that date.

### I.

The instrument of date March 7, 1901, under which defendant acquired the property from Morehouse Lumber Company, was signed by the president of the company, who declared that he was specially authorized by a resolution of the board of directors as shown by a copy of the resolution, and attached to the instrument there appears a resolution of the board of directors, of date December 1, 1899, in which the president and secretary were authorized to sell the property of the company, and as the secretary did not sign the act of transfer with the president the plaintiff contends that the act of transfer was, on its face, insufficient in point of form to serve as the basis of the prescription.

In Bowers vs. Langston, 156 La. 188, 100 South. 301, where the former decisions of the court are referred to, the court, quoting from Greening vs. Natalie Oil Co., 152 La. 467, 93 South. 682, said:

"A sale of immovable property followed by tradition, by a person styling himself the attorney in fact of the owner but whose power of attorney is not produced, is only defective for want of evidence of his authority and not for a nullity of form resulting from his legal incapacity"; and "Where one takes upon himself, as the attorney in fact of another, to sell, and delivers possession, his deed may form the basis of prescription, because the defect consists in the want of evidence of the mandate, and is not a nullity of form resulting from the legal incapacity of the vendor."

And in Greening vs. Natalie Oil Co., 152 La. 467, 93 South. 682, supra, it was also said:

"A conveyance by one purporting to act under a written power of attorney will form the basis of prescription acquirendi causa under Civil Code, Article 3479, though the power of attorney did not embrace the property in dispute, and he had no written authority to convey such property."

We are therefore of the opinion that the fact of a power of attorney, which shows that the president and secretary of a corporation are authorized to make a transfer, being attached to a deed signed by the president alone, is not such a defect as to render the transfer insufficient to serve as the basis of prescription of ten years.

## II.

The evidence, as stated, shows that the defendant had possession of the property from the 7th day of March, 1901, to the date of the suit, May 21, 1925, and passing the question as to whether or not prescription could have run in favor of the possessor prior to March 23, 1906, when the selection by the state was approved, by the United States, to the question presented as to whether or not prescription ran subsequent to that date, it appears to be conceded that, insofar as the State of Louisiana was concerned, the equitable title at least was vested in W. H. Gayle as soon as the title of the state was confirmed, the state having sold the warrant under which the location was made, and we are of the opinion that the location made by Gayle was the equivalent of a certificate of purchase or final receipt and operated as a severance of the land from the public domain which became effective on the final approval of the title of the state, and that prescription ran in favor of the defendant possessor under the title translative of property acquired by him in good faith from the Morehouse Lumber Company. (Gay vs. Ellis, 33 La., Ann. 249; Jopling vs. Chachere, 107 La. 522, 32 South. 243; Trumbull vs. Sample, 158 La. 629, 104 South. 479.

The judgment appealed from is therefore affirmed.