(70 South. 224)

No. 21576.

CHARBONNET v. FORSCHLER.

(Nov. 15, 1915.)

*(Syllabus by the Court.)*

1. TAXATION ⊜⇒725 — TAX SALE — REDEMPTION.

Property adjudicated to the state for delinquent taxes, and redeemed by the owner thereof by paying the taxes, interest, penalties, and costs, after 12 months have elapsed since the deed to the state was recorded, becomes the property of the original owner.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1445–1447; Dec. Dig. ⊜⇒725.]

2. STATUTES ⊜⇒77—"LOCAL OR SPECIAL LEGISLATION"—"GENERAL STATUTE."

Local or special legislation applies exclusively to special or particular places, or special or particular persons, and is distinguishable from a statute which is general in its terms and operation (citing Words and Phrases, First and Second Series, Special Law).

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 79–82; Dec. Dig. ⊜⇒77.]

Provosty, J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Francis D. Charbonnet against Philip Forschler. From a judgment for plaintiff, defendant appeals. Affirmed.

Jewell A. Sperling, of New Orleans, for appellant. Charles Louque, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues defendant to compel him to accept title to 11 squares, or parts of squares, of ground, in the Third district of the city of New Orleans, fronting on Forestall street, which was formerly known as "Lizardi's tract," under an agreement to purchase, for $25,000.

Defendant refuses to accept the title tendered, on the ground that plaintiff is not the owner of the property, and that it, the property, belongs to the state. He alleges that the property was sold to the state for the taxes of 1880 to 1883, inclusive, in the year 1885, as the property of A. Guyol, the then owner

of said property, and that the state has not parted with its title to said property.

It is admitted in an agreed statement of facts, found in the record, that the auditor permitted the tax debtor, and owner of the property, to redeem said property in 1897 by payment of all the taxes, interest, and penalties due thereon.

Defendant contends that the auditor was without authority to issue the redemption certificates on the several squares, or parts of squares, of ground, and that the title to the property remains in the state.

[1] The revenue statute provides (Act No. 170, 1898), in section 53, p. 372, that when property has been advertised for sale for taxes, and no bid has been made thereon—

"the tax collector is hereby authorized to bid in said property for the state and shall not readvertise for sale said property or properties so adjudicated to the state, unless the same has been redeemed, and shall make out and record a title deed, as in sales to individuals, and forward a copy of sale deed to the auditor of public accounts."

It appears that the tax collector bid in the several pieces of property involved in this suit for the state; that they were properly adjudicated; and the title deeds were recorded, and copies were forwarded to the auditor.

Section 61 of the same act (page 375) provides:

"That after property has been adjudicated to the state in default of a bidder, as provided in section 53, the same shall be continued to be assessed in the name of the person to whom it belonged at the date of the sale until the lapse of one year from the date of recording the act of sale to the state, but the tax collector shall not sell the same under the assessment, but may sell the same after the expiration of twelve months under Act 80, of 1888, as the property of the state," etc.

This grant of power is permissive; and it does not purport to be the exclusive method of collecting taxes by the tax collector, or auditor.

Section 62 of the same act (page 376) says:

"That if the owner, or any person, interested personally, or as heir, legatee, creditor, or oth-

erwise, in any lot or lands bid in for and adjudicated to the state within twelve months from the day the act or deed is filed for record in the conveyance office, pay to the treasurer of the state, the taxes, interest and costs, and twenty per cent. thereon; the auditor, upon production of the treasurer's receipt, shall execute and deliver to such person certificate of redemption of the same under the seal of his office," etc.

This is in line with the provision of article 233 of the Constitution, which says:

"The sale shall be without appraisement and the property sold shall be redeemable at any time for the space of one year, by paying the price given, including costs, and twenty per cent. thereon."

From the several provisions of the Constitution and the revenue statutes it is clear that the object in view was and is the collection of taxes due to the state. In providing that sales of property for taxes should be for the full amount of the taxes, where any third person was willing to pay said amount, and where they were not, the property should be adjudicated to the state; and, in either event, that the tax delinquent would have the right to redeem his property within 12 months by the paying of the taxes, interest, costs, and penalties, it is manifest that the sole object of the revenue law was to collect taxes, and not for the state to purchase property. The state treasury has uses for all of the money to be collected for taxes; and the state is without interest in taking the property of the unfortunate tax debtor, and in holding it as owner. The right is reserved to the taxpayer to compel the tax purchaser to permit him to redeem the property within one year. After that time the purchaser, if he desires to do so, may resist the delinquent taxpayer in any effort to redeem the property sold. But this right to resist is a right given to the tax purchaser alone.

It has been the uniform custom of the auditor to permit tax debtors to redeem their property adjudicated to the state for delinquent taxes, and collect the taxes due, together with interest, penalties, and costs, at any time. And, this right has been construed by the Legislature also to exist in favor of tax debtors.

Act 30, 1894, p. 34, under the Constitution of 1879, which contains a similar provision with reference to redemption, as do the Constitutions of 1898 and 1913, authorizes the auditor of public accounts to compromise all claims of the state for taxes due on property forfeited to the state by remitting all interest and costs, on the condition, that the owner of the property shall pay all taxes due, and provided that the act should apply only to pieces of property of the value of $1,000 or less. And Act No. 269, 1914, p. 538, provides:

"That all certificates of redemption issued in the name of the original owner to inure [to] the benefit of all persons holding rights under said owner to any lots or lands bid in for and adjudicated to the state and issued by the auditor or register of the state land office twelve months or more after the day the act or tax deed to the state was filed for record in the conveyance office be and the same are declared valid and binding upon the state."

It is thus seen that the executive and legislative branches of the government have recognized the right of tax delinquents to redeem their property more than 12 months after said property had been adjudicated to the state for delinquent taxes.

It is argued by the defendant that Act No. 269, 1914, p. 538, is a local or special law, and violative of article 48 of the Constitution which provides that:

"The General Assembly shall not pass any special or local law on the following specified subjects. * * * Legalizing the unauthorized or invalid acts of any officer, servant, or agent of the state, or of any parish or municipality thereof."

Act No. 269 has reference to the revenues of the state, and the collection thereof, and is not either local or special in its nature and application. It applies to every part of the state, and to the entire class of tax delinquents who have redeemed their property

from the state by the payment of taxes, interest, costs, and penalties.

[2] A statute for the assessment and collection of taxes, which applies to all incorporated cities and towns in the state, is a general, and not a special, law within the meaning of the Constitution. Local or special legislation, according to the well-known meaning of the words, applies exclusively to special or particular places, or special and particular persons, and is distinguished from a statute intended to be general in its operation and that relating to classes of persons or subjects. Words and Phrases, pp. 6578, 6583.

The act in question is not embraced within the terms of article 48 of the Constitution.

The judgment in favor of the plaintiff is correct.

Judgment affirmed.

See separate opinion of PROVOSTY, J., 70 South. 226.