OVERTON, J.
 

 J. B. Spears, a resident of Union parish, died in the autumn of 1900, leaving a widow, Flora Adelia Spears, to whom he was married April 1, 1879, four minor children, issue of his marriage with Flora Adelia Spears, namely, Ida, Alex, Reginald, and Shelton Spears, and four major children, the issue of a former marriage, namely, William S., Virginia, J. B., and Effie Spears, as well as considerable land in the parish of Union.
 

 Reginald and Shelton Spears, who are the two youngest children of the second marriage, instituted this suit, which is a petitory action, claiming a one-fourth undivided interest in certain lands, by inheritance from their father, located in the parish of Union, and described more particularly in article 1 of the petition, and an undivided one-eighth interest, by inheritance from their father, in certain lands, situated in the same parish, and described more particularly in article 2 of the petition.
 

 There are numerous defendants in the case, originally, about twenty-nine. On motion of plaintiff’s counsel, the suit was dismissed as to the defendants, A. G. Gray, Floyd Gray, J. E. and E. W. Cherry, affecting the N.W.% of N.E.J4, S.W.% of N.E.Ji and S'.E.Ji of N.E.Ji of Sec. 18, Tp. 22 N., R. 2 W., and also as to the defendants B. S. and S. I. Tubbs, affecting S.E.% of S.E.% of Sec. IS, Tp. 23 N., R. 1 W., and also as to the defendant R. W. Rhodes, but only in so far as it applies to and affects the S.E.VL of S'.W.% of Sec. 29 Tp. 23 N., R. 2 W. The defendant W. A. Smiley, through a curator ad hoc, disclaimed all right, title, and interest in that part of the land for which he was sued. Several exceptions were filed to' the suit. These are not discussed in the briefs, and possess no merit. The defendants, not named above, pleaded their titles, and also pleaded the prescriptions of six months, and of one, three, five, and ten years. Of course, there are numerous calls in warranty.
 

 On August 2, 1901, J. B. Spears, Effie Spears, Virgie Spears, all of whom were then majors, and Mrs. Flora Adelia Spears, for herself and for her minor children, which' included plaintiffs, sold for the consideration of 8204 cash and a promissory note of 8550, due January 1, 1902, secured by vendor's lien on the property conveyed, all of the land, involved herein, except a residence lot, containing fifteen acres, and the N.E.J4 of the N.E.J4 and twenty-eight acres in the S.E.J4- of the N.E.14: of Sec. 31, Tp. 23 N., R. 2 W., to W. S. Spears. On the same day) fox the consideration of 8300 cash, the major
 
 *299
 
 heirs of J. B. Spears sold to Flora Adelia Spears, tutrix of her minor children, Alex, Reginald, Ida, and Shelton Spears, their interest-in the. land, excepted from the foregoing deed, and on September 2, 1901, the tutrix, acting for her minor children, sold to W. S. Spears, at private sale, on credit, the purchase price being represented by two promissory notes, each for $250, payable respectively on January 1, 1902, and January 1, 19Ó3, the land excepted from the first sale, and acquired by her in the second. As a re-' suit of these transfers, W. S. Spears became' the owner of all the land, provided, of course, the interests of the two plaintiffs, who were then minors, were lawfully divested.
 

 The legality of these transfers by the tutrix is at issue. The papers in the tutorship record, such as the proceedings of the family meeting and their homologation, have been- lost, and cannot be found. While it is ■conceded that the account book of the clerk of court .shows the simple facts-that a family, meeting was held, and that there was a judgment.-of homologation, and that this evidence establishes the holding of a family meeting and its homologation, yet it is not conceded that these proceedings authorized the sales for the purpose of effecting a partition, or that the sales were made for such purpose, or that there was a compliance with the proceedings and the judgment of homologation. The sales on their faces do not show their purpose, whether it was to effect a partition or not, and the record does not supply this information. In these circumstances, and since property in which minors are interested can be sold at private sale only for the purpose of effecting, a partition, we feel constrained to hold that the sales by the tutrix are null, in so far as they affect the two plaintiffs herein, who were then minors. The law in force, at the time the sales were made, was section 2667 of the Revised Statutes, as amended and re-enacted by Act 25 of 1878.
 

 It was unnecessary for us to pass upon the validity of these sales, in so far as they purport to affect a large part of the property, involved here — that is, all of that part still retained by or alienated by W. S. Spears after the year 1910. In November of that year, some eight years after the foregoing sales by the tutrix were made, W. S. Spears instituted a suit for a judicial partition against the two plaintiffs herein, who were still minors and who were nonresidents of this state. He alleges in that suit that he is the owner of an' undivided three-fourths interest in all of the property, and that the plaintiffs herein are the owners of the remaining one-fourth; that the property was inherited by him hnd his brothers and sisters from their father J. B. Spears, and that he acquired their interest in the property by purchase, except the interest of the two plaintiffs herein, who are alleged to be still the owners of the same.
 

 By these allegations W. S. Spears recognized that the sales, made by the tutrix to him, so far as they relate to plaintiffs’ interest, were ineffective, otherwise the two plaintiffs could not be still the owners of an undivided interest, inherited by them from their father. As to the two remaining children,' who were minors at the time the tutrix made the sales, they, it may be said, after attaining their respective majorities, which was prior to the suit for judicial partition, ratified the sale of their interest to W. S. Spears. This action of Spears affects all those who rely on the sales, made after the suit for judicial partition was instituted.
 

 The suit for judicial partition, instituted in 1910, by W. S. Spears against the plaintiffs herein, resulted in a judgment ordering the partition and directing it to be mádé by Imitation. At the partition sale a part of thé
 
 *301
 
 property was adjudicated to J. S. Farrar and the remainder to W. S. Spears. At the time of the institution of the suit, the plaintiffs herein were still minors and nonresidents of the state. A tutor ad hoc, otherwise termed a curator ad hoe, was appointed to represent them, and was sworn for that purpose. It does not appear that citation ever issued in the case, but at the foot of the petition there appears the following acknowledgment and acceptance, signed by the tutor ad hoc, to wit: “I hereby acknowledge and accept service of the foregoing petition, and order, reserving
 
 all
 
 delays and exceptions granted me under the law.” Later the tutor ad hoc filed an answer.
 

 The judgment, rendered in the suit, and the partition sales, made thereunder, are attacked as being null and void, because the judgment was rendered without citation or service thereof, and because, as the plaintiffs herein were not thereforé before the court, the tutor ad hoc was without power to file an answer, and the court without power to render judgmerft.
 

 A tutor, or curator, ad hoc, as the law stood at the time of the acknowledgment and acceptance of service of the petition, the filing of the answer, and the rendition of judgment, and, in fact, up to the passage of Act 167 of 1924, could not waive service of petition and citation, though he could accept, or acknowledge, service of both, the acceptance or acknowledgment implying, of course, that copies of the petition and citation were actually presented or delivered to him by one having power to make the service, otherwise, by a mere change of words, service could be waived. Haley v. Woods, 163 La. 911, 113 So. 144; Jacobs v. Kansas City, S. & G. Ry. Co., 134 La. 389, 64 So. 150; Walker v. Walker, 2 La. App. 781, 784.
 

 The trial judge, acting upon the presumption that the proceedings were regular, held that the judgment of partition was valid, and hence that the partition sales were valid, and accordingly dismissed plaintiffs’ demands.
 

 There is a presumption that the judgment rendered is valid. This presumption, however, like all other presumptions, may be overcome by proof. It will be observed that, in the acknowledgment, there is no mention of an acknowledgment, or acceptance, of service of citation. The original record in the case contains no citation; the clerk’s charge book shows no charge for either a copy of the petition or for the issuance of citation, the sheriff’s charge book shows no charge for the service of either, and there is nothing in the record of this appeal, indicating that a copy of the petition was ever made for service, or that citation was ever issued. This evidence was ample to shift the burden of evidence to defendants. The tutor ad hoe and the attorney for W. S. Spears in the partition suit were available to defendants, but they did not see proper to place them on the stand to overcome the evidence against them on this point, which in itself was sufficient to overcome the presumption of regularity. The inference is that they did not call them as witnesses, because their evidence would have been unfavorable. Pretermitting the service of a copy of the petition, we think the evidence sufficient to show, notwithstanding the presumption of regularity, that the judgment was rendered without citation. As a tutor ad hoc could not waive citation at the time of the partition proceedings, the filing of an answer by him in those proceedings did not have the effect of a waiver of citation. The judgment of partition is therefore null and void, as one rendered without citation, and. such being the case, the partition sales made thereunder are likewise null.
 

 
 *303
 
 However, the decision of these issues by no means terminates the suit. On May 23, 190S, the tax collector, for the taxes of 1907, under an assessment in the name of W. S. Spears, sold the property at tax sale to S.
 
 3.
 
 B. Abbott. It is urged that this sale had the effect of divesting plaintiffs of their interest in the property. This contention, however, is not well founded. Immediately after the year of redemption had expired, Abbott transferred the property, with the exception of about eighty acres, back to Spears, without warranty and without recourse. In the deed it is recited that Abbott transfers only such right as he acquired at tax sale. The record discloses that the tax sale was made pursuant to an understanding between Spears and Abbott, looking to the improvement of Spears’ title to the land. In these circumstances the sale back to Spears amounted to • nothing more than a redemption of the land reconveyed, which necessarily destroyed the effects of the tax sale to the extent of the reconveyance. Charbonnet v. Forschler, 138 La. 279, 70 So. 224; Montgomery v. Whitfield, 41 La. Ann. 649, 6 So. 224; 37 Cyc.-1392, 1416, 1417. There is enough evidence on the face of the sale back to Spears to indicate that the sale was merely one of redemption. The tax sale and the resale constituted no new links in Spears’ chain of title. As to the eighty acres, retained by Abbott, so far as wé are able to ascertain, they, during the previous year, were purchased by Abbott from W. S. Spears. When Abbott purchased them at tax sale, he was purchasing land which he already claimed, the effect of' the purchase being merely the payment of the taxes due on the land to which he was asserting title, which he had an unmistakable interest in paying,' and not the acquisition of a new title.
 

 There are other tax sales to be considered. The defendant, A. 6. Stephenson, asserts title by virtue of a tax sale made under an assessment in the name of W. M. Green, on June 17, 1922, for the taxes of 1921, conveying the N.W.% of N.W.% and the N.W.% of S.W.% of Sec. 8, Tp. 23 N., R. 1 W. The title was recorded on the day the tax deed was passed. Green acquired the land from W. S. Spears, and, as his title was recorded, he was the owner of record. It is urged that the tax sale is null, because plaintiffs were not given notice of delinquency. Plaintiffs, however, were not the owners of record of any interest in the land, and therefore could not demand notice. It suffices for the validity of a tax sale that notice be given to the owner of record,- and it does not appear that notice was not given to such owner.. The presumption is that it was. We fail to find any defect in the sale. Therefore Stephenson is entitled to this land, for the tax sale is valid.
 

 One of the defendants, F. W. Scott, claims the S.E.% of S.W.% of See. 18, Tp. 23 N., R. 1 W., from the widow of L. M. Cart-all, who acquired from her husband, and who, in turn, acquired from H. G. Fields. In the chain of title there is a tax sale to Fields, made under an assessment in the name of G. H. Green, on June 15, 191S, for the taxes of 1917. In this sale, which was recorded on July 10, 1918, the land was described as the S.E.t4 of N.E.% of Sec. 28, Tp. 23, 1 W. On March 22, 1920, the tax collector executed a correction deed, which was recorded on the day of its execution. In this deed it is recited that the land described in the tax deed was erroneously described, and should have read the S.E.% of S.W.% of Sec. 18, Tp. 23, R. 1 W., to correspond with the tax collector’s records, which show that Fields bid in, and was adjudicated, the land last named.
 

 The description, as given in the corrected deed, is in accord with-the description of a part of the land in which plaintiffs claim an interest, save for the immaterial omission of
 
 *305
 
 the word “North,” after the word “range,” which could not, in a section of the state where all ranges are north, affect the identity of the land. It is urged that the tax collector had no right to give the correction deed. There is no evidence that the recitals in the correction deed are erroneous. It was the duty of the tax collector, in the first instance, to execute a deed to the tax purchaser, giving a correct description of the property adjudicated to him. If he failed to do so, it .became his duty, though without prejudice to third parties acting on the faith of the record, to give a corrected deed. We see no reason why this tax sale should not be upheld. It does not appear that any one has had actual possession of the property, adverse to the tax sale, nor that the taxes for which the property was sold were paid prior to the sale. The prescription or peremption of three years, pleaded in support of the title, should be sustained. Therefore plaintiffs cannot recover their alleged interest in this tract. Const. 1921, § 11, art. 10; Fellman’s Heirs v. Interstate Land Co., Ltd., 163 La. 529, 112 So. 405.
 

 Defendants urge the prescription of six months, established by Act 53 of 1912 for the purpose of curing the defect of selling a part, instead of the whole, of the property, sought to be partitioned under section 2667 of the Revised Statutes, as amended and reenacted by Act 25 of 1878. This prescription is directed against the two sales made by the tutrix, whose validity we have considered. It suffices to say that this prescription should be overruled, because, as we have pointed out, it does not appear that the sales were made for the purpose of effecting a partition, which is one of the essentials to the application of the prescription.
 

 The prescription or peremption of three years, pleaded by defendants, has been considered by us. The plea of prescription of five years, pleaded by them, is directed against the judicial partition sales. This prescription is not applicable to such sales, based on a judgment, which is null and void for want of citation.
 

 The last prescription pleaded, to be considered, is the prescription of ten years, acquirendi causa. The petition in this suit was filed on December 31, 1924. Prescription is interrupted by the service of citation. However, it does not appear when citation was served, as the numerous citations in the case and the returns thereon are not in the record. However, we take it from appearances made that all parties were cited by March 1, 1925. Plaintiffs attained their respective majorities prior to the adoption of either Act 161 of 1920 or Act 64 of 1924. Therefore these acts, relating to the running of the prescription of ten years, acquirendi causa, against minors, have no application to plaintiffs. Thomann v. Dutel, 158 La. 1030, 105 So. 52. The evidence is conflicting as to the age of each of the plaintiffs. In our view, however, the weight of the evidence shows that the plaintiff Reginald Spears was born October 14,1892, and that the plaintiff Shelton Spears was born on January 11,1894. Therefore, on the date on which citation is assumed to have been served, namely, March 1, 1925, Reginald Spears was thirty-three years seven and a half months of age, and Shelton Spears was thirty years nine months and three days old. Both served in the United States Army during the World War — Reginald Spears for one year and twenty-three days, and Shelton Spears for seven months and seventeen days, for which deductions will have to be made, if found necessary, for prescription was suspended during the service of a soldier in the United States Army in the World War. Section 9 of Act 131 of 1918, pp. 217, 221. ' '
 

 As to Shelton Spears it is obvious that,
 
 *307
 
 without making any deduction at all for military service, the prescription of ten years did not run against him, for ten years did not intervene between the date of his majority and the service of citation. As to Reginald Spears such is not the case. Whether a deduction for military service would be of any value to him depends upon how long actual .possession has been held against him, with respect to any part of the land, by any one of the defendants and by such defendant’s authors in title. ■
 

 Actual adverse possession was held by the defendant, J. A. McCormick, of the S. E. % of S. W. % of Sec. 12, Tp. 23, N„ R. 2 W„ and by his author in title, N. A. McCormick, for a period of over sixteen years before this suit was filed, and for a period of over ten years between the date of the majority of Reginald Spears and the date of service of citation, after allowing the proper deduction for military service, namely, one year and twenty-three days. Hence J. A. .McCormick has shown the required possession to establish the prescription of ten years against Reginald Spears. Actual adverse possession was held also by the defendant W. H. McCormick of the W. % of W. % of Sec. 5, Tp. 23 N., R. 1 W., and by his author in title J. A. Manning, dating from the early part of 1&12 up to the filing of this suit. Therefore actual possession has been held by W. H. McCormick and his author in title against Reginald Spears for more than ten years after .making proper deductions for the periods of his minority and military service. Actual adverse possession was held also by C. I. Lambert and Mrs. A. E. Lambert, and by S. J. B. Abbott, their author in title, of the W.
 
 y2
 
 of N. W. % of Sec. 32, Tp. 23 N., R. 2 W., dating from 1907 or 1908, up to the institution of this' suit. These defendants have therefore shown the required possession to support the prescription of ten years as against Reginald Spears. Some of the remaining defendants made efforts to establish actual possession for the required time,, but a close scrutiny of the evidence produced shows that they failed in their biforts. As J. A. McCormick, W. H. McCormick, and C.
 
 J.
 
 and Mrs. A. E. Lambert have held possession in good faith, under titles translative of property, for the required time, their pleas of prescription of ten years should be sustained as to the plaintiff Reginald Spears. As to the plaintiff Shelton Spears, these pleas should be overruled, because, after allowing for his minority and military service, the possession had not continued sufficiently long to sustain the pleas, when citations were served.
 

 Plaintiffs concede, and we think the evidence establishes, that all of the land, involved in this suit, in which each claims either an undivided one-eighth or an undivided one-sixteenth interest by inheritance from their father J. B. Spears, belonged to either the community that existed between their father and his first wife ór bbtween him and their mother, who was his second wife, and who is still living. In either event •plaintiffs inherited only one-half of what they claim, for they inherited nothing from their father’s first.wife, nor did they inherit anything from his second wife, their mother, who, as we have said, is still living. It is urged, however, that the defendants who hold under the judicial partition are precluded from making this contention by reason of the allegations of W. S. Spears therein that plaintiffs are the owners of an undivided one-fourth or of an undivided one-eighth interest in the land, ■ depending upon whether third parties — not either wife — owned an undivided one-half interest with J. B. Spears. . However, plaintiffs did not acquire, by these erroneous allegations, a larger interest in the
 
 *309
 
 land than they rightfully had, and it is obvious that they have not been prejudiced by them. These defendants are therefore in no sense estopped to have plaintiffs’ claims reduced to the proper extent. Hence, these claims, wherever plaintiffs have been successful, must be reduced one-half.
 

 There are numerous calls in warranty, the consideration of which is made necessary wherever the defense of any one of the many defendants has been rejected, it is better that these calls be disposed of by the trial court. After the rendition of the proper judgment, the case will be remanded to the lower court to pass upon them.
 

 For the reasons assigned, the judgment, appealed from, is set aside, and judgment is now rendered recognizing plaintiffs as the owners of an undivided one-sixteenth interest each in the land described in article 1 of their petition, and of an undivided
 
 ya2
 
 interest each in the land described in article 2 of their petition, excepting from both articles, by virtue of plaintiffs’ dismissal thereof, as'more fully appearing in the first part of this opinion, their claims against A. G. Gray, Floyd Gray, J. E. and E. W. Cherry, B. S. and S. I. Tubbs, and R. W. Rhodes, to the extent of the lands described in said part of the opinion in connection with the names of said defendants, and with the following additional' exceptions, to wit: That plaintiffs’ demand against A. G. Stephenson, as to the N. W. % of N. W. % and the N. W. % of S. W. % of Sec. 8, Tp. 23 N„ R. 1 W., be rejected, and said Stephenson recognized as the owner of said land; that their demand against F. W. Scott, as to the S. E. % of S. W.
 
 Vi
 
 of Sec. 18, Tp/ 23 N., R. 1 W., be rejected, and said Scott recognized as the owner of said land; that the demand of Reginald Spears against J. A. McCormick, as to the S. E. % of S. W. % of Sec. 12, Tp. 23 N., R. 2 W., he rejected'; that the demand of Reginald Spears against W. H. McCormick, as to the W. % of W.
 
 y2
 
 of fractional See. 5, Tp. 23 N., R. 1 W., be rejected; and that the demand of Reginald Spears against C.
 
 3.
 
 Lambert and Mrs. A. E. Lambert, as to the W.
 
 y2
 
 of N. W. % of Sec. 32, Tp. 23 N., R. 2 W., be rejected. It is further ordered that such rights as plaintiffs or either of .them may have to sue for rents and revenues be reserved them, and that this case be remanded to the lower court to dispose of the said calls in warranty, and that the defendants, cast herein, pay the costs of this appeal and of the lower court, the costs of the calls in warranty to abide the final determination of said calls.
 

 O’NIELL, C. J., concurs, except in so far as the judgment affects the S. E. % of S. W. % of Sec. 18, Tp. 23 'N., R. 1 W., claimed by F. W. Scott.