**SPIKES v. O'NEAL et al.**

No. 2077.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

Rehearing Denied March 4, 1940.

. Kay & Kay, of DeRidder, for appellants.

A. R. Lecompte, of DeRidder, for appellee.

LeBLANC, Judge.

This is a suit instituted by Dennis Spikes and his children, issue of his marriage with Lizzie Harding Spikes, his first and only wife who died intestate on November 29, 1918, to have set aside and annulled the tax sale and adjudication made on August 19, 1922, of property which he had acquired during the community existing between himself and his deceased wife and in which his children claim their mother's community interest. General grounds are urged for annullment, the first and most important of which is that there was no notice of delinquency and of intention to sell the property given by the sheriff and ex-officio tax collector as required by law to any of the plaintiffs herein who were the true and lawful owners of the property at all times during the proceedings upon which the alleged tax sale was based and at the date of the said sale. The second ground of attack is the failure and neglect of the sheriff and ex-officio tax collector to have made up, filed and recorded his procès verbal of notices mailed by him to delinquent taxpayers for the year 1921, as required by law. The third is that several of the plaintiffs were minors at the time of the purported tax sale and at no time was a tutor or tutor ad hoc ever appointed to represent them as co-owners, and upon whom notice of delinquency could have been served and the proceedings contradictorily carried on with. The fourth and last ground is that the said property was advertised, offered and sold at the said tax sale for a sum substantially in excess of the amount of all taxes, interest and costs authorized by law.

The lower court sustained a plea of res adjudicata as to Dennis Spikes, the father, and an exception of no cause or right of action as to his children, the heirs of his deceased wife. From a judgment dismissing

their suit the plaintiffs prosecute this appeal.

It is shown that on May 18, 1904, Dennis Spikes, then married and living with his wife Mrs. Lizzie Harding Spikes acquired by patent from the State of Louisiana a tract of land situated in what was then Calcasieu Parish but now in Beauregard Parish, described as being the N.W.¼ of the N.E.¼ of Section 4, T. 6 South of Range 13 W. Mrs. Spikes died on November 29, 1918, leaving as her sole and only heirs, eleven children, issue of her marriage with her surviving husband, who are his co-plaintiffs in this suit. It is admitted that Mrs. Spikes died intestate and that no steps or any proceedings whatever have ever been taken toward opening and administering her estate, and neither was any action taken with regard to having her husband recognized as surviving spouse in community and her children as her surviving heirs.

In order to subject the property to taxation for the taxes of the year 1921 the property was assessed as it had always been in the past, under the name of Dennis Spikes, and, the taxes for that year not having been paid, on July 15, 1922, it was advertised to be sold for delinquent taxes for the year 1921 in the name under which it was assessed, that is, Dennis Spikes. It is now practically conceded that the notices required by law in order to sell property for delinquent taxes under Section 50 of Act 170 of 1898 were issued and addressed to Dennis Spikes.

On August 19, 1922, in accordance with the advertisement made, the property was sold at public sale by the sheriff and ex-officio tax collector and was adjudicated to Robert J. O'Neal and Ramond A. Mayer the defendants herein for the amount of the taxes due plus the incidental costs, and in pursuance of the said sale and adjudication the necessary deed was executed by the sheriff and ex-officio tax collector of Beauregard Parish to the said adjudicatees, which deed was duly recorded in the conveyance records of the parish on September 16, 1922.

It appears that the defendants herein had acquired other property at the same tax sale and on December 21, 1923, more than a year after the recordation of the deed conveying their titles, they filed a suit against the various parties whose properties had been sold, and which they had acquired, including Dennis Spikes, to have the said tax sale confirmed and quieted and to the end

that they be sent and placed in possession. Personal service in that suit was made on Dennis Spikes, and in due time, that is, on November 14, 1924, judgment was rendered against him as well as against the other defendants in the said suit, recognizing and confirming the said sale and quieting the purchasers thereof in their title and granting them writs to be placed in possession.

■ The judgment in the monition proceeding just referred to forms the basis of the plea of res adjudicata filed by the defendants herein which is urged against the plaintiff Dennis Spikes and the other plaintiffs as well. There is no doubt in our mind that the plea was properly sustained as against Dennis Spikes. Under Article 2286 of the Civil Code, from which is derived our plea of res adjudicata, the requirements for such a plea are that the thing demanded be the same, that it be founded upon the same cause of action, that it be between the same parties and formed by them against each other in the same quality. The only fault counsel for plaintiffs seems to find with the judgment insofar as it sustained the plea against Dennis Spikes is that it is alleged in the petition that no notice of delinquency had been given either to Spikes himself or the other plaintiffs, and assuming that to be so, as necessarily it must in considering the same, the plea cannot prevail.

■ It is true that the petition does so allege, but the monition proceedings which form the basis of the plea of res adjudicata show beyond question, that notice of delinquency was given to Dennis Spikes and in the stipulation of facts agreed upon between counsel in this case it appears that Dennis Spikes was personally served with the petition in the monition proceedings, and that upon that form of service was the matter taken up and tried and judgment rendered against him. The remaining plaintiffs in this suit, however, were not parties to that proceeding, and as against them the plea was properly overruled.

■ We come now to a consideration of the exception of no cause or right of action as against the remaining plaintiffs. The sole question presented on the first and most serious attack made by these plaintiffs on the tax sale is that as the heirs of their mother, having become the owners of her interest in the property which was community property, they were delinquent tax debtors as well as their father and were therefore entitled to the same notice of de-

linquency. The contention they make is that whilst under the law, Section 2 of Act No. 140 of 1890, for the purposes of taxation and tax sales it shall be sufficient to assess and advertise the property in the name of the person or persons, whether dead or alive, "who at the time the assessment was made, appeared to be the owners thereof upon the books * * * of the Recorder's offices * * * in the * * * parishes of the State;" that in the matter of issuing the notice for the payment of taxes as provided by law to the delinquent tax debtor, such notice under Section 50 of Act No. 170 of 1898 must be one that is addressed to the taxpayer and that can only mean to the taxpayer who is the actual owner of the property, whether he be the owner of record on the conveyance records of the recorder's office or not. The point made here is that whilst Dennis Spikes may have been the owner of record, as far as the conveyance records of the parish indicate, his children were actual owners in common with him, and as such were equally entitled to notice of delinquency.

This is the first time, as far as we are able to ascertain, that this question has ever been presented before the Court under the exact situation which here exists. There are cases in which property, after the dissolution of the community by the death of the husband, was assessed in the name of his estate, which gave rise to the question whether a notice addressed to the estate, instead of to the heirs, was a proper notice. It may be that in a case of that kind the notice was improperly addressed because the very fact that the assessment was in the name of an estate was sufficient to inform the tax collector that there might have been some change of ownership. He is placed on his guard and may be called on to make further inquiry. There are numerous cases also, which counsel for plaintiffs cite in their brief, holding that a notice addressed to a deceased person, even though the property still appeared of record in his name, did not meet the requirements of the law. But such is not the situation in this case. Here it is the husband, head and master of the community which formerly existed between him and his deceased wife, who was owner of record, and also actual owner in whose name the property had been assessed for at least two years following his wife's death, to whom the notice was issued. He was, as surviving spouse in community and usufructuary of the property, charged with the payment of the taxes on the property under Article 578 of the Civil Code, and, as such, may be said to have been the delinquent tax debtor to whom the notice had to be addressed.

The precise question raised by counsel in this case in which they call attention to the difference under our law between the assessment of the property which has to be in the name of the person appearing to be the owner of record, and the notice of tax delinquency having to be addressed to the actual owner, does not seem to have ever been adjudicated upon, but as counsel themselves admit, the decisions are numerous in which the courts in referring to the notice of delinquency have used expressions which would indicate almost beyond question that a notice addressed to the owner of record is sufficient for the validity of a tax sale when attacked on this ground. As a matter of fact, in Spears v. Spears, 173 La. 294, 136 So. 614, 617, the Supreme Court stated in so many words that one who was not an owner of record could not demand notice. Following is the language of the Court in that case: "It is urged that the tax sale is null, because plaintiffs were not given notice of delinquency. Plaintiffs, however, were not the owners of record of any interest in the land, and therefore could not demand notice. It suffices for the validity of a tax sale that notice be given to the owner of record, and it does not appear that notice was not given to such owner. The presumption is that it was. We fail to find any defect in the sale. Therefore Stephenson is entitled to this land, for the tax sale is valid." In the case before us it is unnecessary to even indulge in any presumption as did the Court in the cited case because it is affirmatively shown that the owner of record, Dennis Spikes, was given notice of delinquency. The quoted language from the decision is so otherwise authoritative that it entirely disposes of the issue here presented.

The plea of res adjudicata which is sustained against Dennis Spikes forecloses all other issues as far as he is concerned, and all other plaintiffs being without right or cause of action because they were not the owners of record of any interest in the land, it follows that they are without right to raise any of the questions presented in the other grounds on which the tax sale is attacked.

Judgment affirmed.