The plaintiff alleges in his original petition that the defendants, Mrs. Ora Mae Sigler and Mrs. Virginia Barnes, nee Sigler, the widow and sole heir respectively of Charles Sigler, deceased, are unlawfully claiming the ownership of a certain lot of ground with the improvements thereon situated in Lake Charles; that said property belongs to petitioner and he is in possession thereof; that the defendants cast a cloud on his ownership. Plaintiff further alleges that he purchased from said Charles Sigler lumber for the repair of the house on said lot and all the amount due for said material was paid except the sum of $57.30 for which amount said Sigler sued plaintiff in the City Court of Lake Charles and obtained a judgment against him in October, 1932; that execution issued on said judgment and the lot seized and the property sold by the Marshal of the City Court in February, 1933, the said Sigler becoming the purchaser for the nominal sum of $30.
Plaintiff alleges that said sale was illegal for the reason that the property was his homestead and was exempt from seizure and sale; that he has been in possession of the property since said sale and has never been disturbed in his possession; that at the time the property was sold by the City Marshal it had been previously adjudicated to the State for taxes and had not been redeemed by him, and the property was again adjudicated to the State for unpaid taxes in the year 1934 for the taxes of 1933 under an assessment in the name of Sigler, and was never redeemed by said Sigler but was abandoned by him.
Plaintiff then alleges that shortly after the sale of his property in the City Court he entered into a verbal agreement with said Sigler, with the approval of his attorney, whereby plaintiff was to pay the judgment in installments of $5 each until the full amount was paid, amounting in the aggregate to the sum of $180.32, and when all the judgment was paid the said Sigler would cancel the judgment, and execute a quitclaim deed to plaintiff for the property; that the installments were to be paid to the attorney of Sigler from time to time, and that he has paid all of said installments and is now entitled to a quitclaim deed from the surviving widow and sole heir of the deceased Sigler. Plaintiff alleges further that he has paid the further sum $72.77 to redeem the said property from the tax adjudications in his name and in the name of Sigler.
The prayer of the petition is for a judgment in favor of plaintiff decreeing him to be the owner of the property, clearing the cloud resting on the property by reason of the illegal acts of the defendants, maintaining said verbal contract which plaintiff has complied with, canceling the judgment, and compelling the defendants to execute a quitclaim deed in his favor to the said property, and in the alternative, he prays for a judgment against the defendants for $253.09, the total amount paid out by him.
The defendants filed an exception of no cause or right of action and an exception of vagueness. Defendants also filed an answer in which they admit the judgment and sale in the City Court, but deny that their claim to the property is a cloud on plaintiff's alleged ownership and deny that there was ever any verbal agreement to make a quitclaim deed to the property by their deceased husband and father. In response to the exception of vagueness, plaintiff filed a supplemental petition showing the amounts and dates of the alleged payments made by him to the attorney for Sigler, and the date and amount paid to redeem the property from the tax adjudication.
Defendants filed an exception of no right or cause of action to the original and supplemental petition, alleging as grounds therefor that the judgment in the City Court was based on a materialman's lien, and under the Constitution, the homestead exemption cannot be urged against such a claim; that plaintiff did not claim any homestead exemption at the time of the sale, and if he had any such exemption, the same has been lost; that the alleged verbal mandate given by the deceased Sigler to his attorney to accept installments on the judgment and agree to retransfer the property is not enforceable, and the alleged agreement to sell the lot and improvements cannot be proved by parole testimony. And as to the alternative demand for a judgment against the defendants for the money paid out by the plaintiff, it is not alleged that Sigler received any money, and plaintiff cannot recover for the taxes which he claims to have paid to redeem the property, as a third possessor cannot recover for taxes he has paid, and for the further reason that *Page 633 
plaintiff did not obtain any subrogation for the payments.
Defendants also filed a plea of ten year prescription, and plaintiff filed a second supplemental petition setting up that he acquired the property in 1913 and had been in the actual and uninterrupted possession thereof since that time, and he pleaded the prescription of thirty years is a basis for his ownership of the property. Defendants then filed further exceptions of no cause or right of action against the original and the two supplemental petitions urging that plaintiff could not plead the prescription of thirty years as his original petition recognized the title to the property as being in Sigler from 1933 until the suit was filed, and for that reason he could not acquire by prescription. And on the alternative plea for a return of the money paid, it is urged that as Sigler died more than a year from the time the suit was filed, parole testimony could not be used to prove a debt or liability on his part.
The trial judge sustained the exception of no cause or right of action and dismissed the suit. Plaintiff has appealed.
[1] Plaintiff attacks the legality of the deed under the judgment in the City Court for two reasons: first, on the ground that the property was his homestead and exempt from seizure and sale under said judgment; and second, because of the fact that at the time of the seizure and sale in February, 1933, the property had been adjudicated to the State for the nonpayment of taxes, and the title was then in the State.
The first ground of attack is obviously without merit for the reason that the petition shows that the judgment was for material furnished by Sigler to repair the house on the lot, and the Constitution of the State, Article 11, Section 2, provides that the homestead exemption shall not apply for labor, money and material furnished for building, repairing or improveing homesteads. And for the further reason that the plaintiff did not claim the homestead exemption at the time of the sale.
[2] On the second ground, if as alleged in the petition, the property had been adjudicated to the State prior to the City Court sale, it is doubtful if Sigler acquired any title by reason of the sale under the execution of his judgment. The sheriff can only sell under an execution sale such right as the judgment debtor has in the property sold. Code of Practice, Article 690; Civil Code, Article 2620. At the time of the City Court sale the title to the property was in the State, subject to the right of the tax debtor to redeem it within the time prescribed by law. The State had the right to secure possession of the property immediately after the adjudication and would have been in possession of the property at the time of the City Court sale had it exercised that right. Act No. 170 of 1898, § 59, as amended by Act No. 315 of 1910, § 3, Dart's Statutes, § 8464. Until the redemption period expires, the taxing authorities are required to continue to assess the adjudicated property in the name of the owner, but no taxes are to be collected thereon. The owner, or any person interested as heir, legatee, creditor or otherwise, may redeem the property adjudicated to the State for unpaid taxes upon paying all taxes due on the property, plus a penalty and interest, so long as the State has not disposed of the property, even though the redemptive period has expired, the redemption certificate to be issued in the name of the original owner, but to inure to the benefit of any and all persons holding rights under said owner. Act No. 170 of 1898, Sections 61 and 62, as amended, Dart's Statutes, §§ 8465 and 8466.
[3] Had plaintiff as owner or Sigler as purchaser under the execution sale redeemed the property from the State at any time during the three year redemptive period fixed by Article 10, Section 11 of the Constitution, the redemption would have inured to the benefit of the rights of Sigler either as a creditor or as holding rights under the execution sale. But the property was not redeemed by either during the redemptive period, and the title became indefeasible in the State. However, the State, after the redemptive period expired, if it saw fit, could permit the original tax debtor to redeem the property, in which case the property becomes the property of the original owner. Charbonnet v. Forschler, 138 La. 279, 70 So. 224. In other words, if as alleged in the petitions of plaintiff, he redeemed the property from the State after the redemptive period expired, he acquired whatever title the State acquired by the adjudication which had then become an indefeasible title. After the redemption period expired, the State could have disposed of the property in any manner provided by law, and the *Page 634 
City Court sale would have been ineffective and could not have had any effect whatever on the title of the purchaser from the State.
[4] It is alleged in the petition that the property was again adjudicated to the State in 1934 for the unpaid taxes of 1933 assessed in the name of Sigler. If the property had been legally adjudicated to the State previous to 1933, the property could not be legally assessed and sold in the name of Sigler after the prior adjudication to the State, as the title was in the State when the property was assessed to Sigler in 1933. We quote the following from the syllabus of the case of Board of Commissioners, etc., v. Concordia Land Timber Co.,141 La. 247, 74 So. 921: "Where property is adjudicated to the state for delinquent taxes thereon, the legal title passes to the state, subject to the right of redemption within one year (now three years) from the date of the registry of the tax sale; and, if such right is not seasonably exercised, the title to the state becomes absolute. Where property has been adjudicated to the state, and not redeemed in time and manner provided by the statute, the taxing officers of the state are without power to assess and sell said property as belonging to the former owner or any other person."
[5, 6] As our conclusions will require a remand of the case, it is proper that we pass on the plea of prescription urged by plaintiff as establishing his ownership of the property. This plea is without merit for at least two reasons. In the first place, if the deed to Sigler under the City Court sale in 1933 was legal and valid plaintiff could not have acquired ownership prior to the filing of this suit, even though he had adverse possession during that time. He would have to have adverse possession for thirty years to prescribe against a valid deed in another. And in the second place, by the allegations of his own petition, he did not have that adverse and hostile possession necessary to support a plea of prescription, as he alleges that he had a verbal agreement with Sigler whereby the latter was to cancel the City Court sale when he (plaintiff) had paid the full amount of the judgment.
[7] While the alleged verbal agreement on the part of Sigler to retransfer the property of plaintiff could not be proved by parole evidence, it would not prevent the latter from attacking the legality of the City Court sale to the former. The amounts he paid under the alleged agreement would be applied to the payment of the judgment.
We do not deem it necessary to pass on the issues raised in the alternative plea for a refund of the amount paid if the City Court sale is not set aside. The case will be remanded for the purpose of permitting plaintiff to prove, if he can do so, that the property was legally adjudicated to the State at the time of the City Court sale; when and how it was redeemed by him, together with such other facts as may determine the legality, vel non, of the City Court sale in accordance with the views herein expressed and relevant thereto.
For the reasons assigned, it is ordered that the judgment herein appealed from be reversed and set aside, and it is now ordered that the exceptions of no cause and no right of action be overruled, and the case is remanded to the district court to be proceeded with according to law and the views herein expressed: defendants to pay the cost of the appeal, and all other costs to await the final termination of the case.