BROWN, Chief Judge.
| iCody Investments, L.L.C. (“Cody”), appeals from a judgment invalidating a tax sale. The district court held the tax sale null and void because only one co-owner of the subject property received notice. Cody asserts that the trial court erred in finding the tax sale to be invalid, or in the alternative, asserts that the tax sale was at least valid as to the conveyance of George Gorsulowsky’s undivided 3/4 interest in and to the property. We affirm.

Facts

George and Marilyn Gorsulowsky, husband and wife, acquired ownership of the property in December of 1992. Subsequently, Marilyn died, triggering a May 24, 1995, judgment of possession recogniz *419 ing George and their seven surviving children as undivided owners of the property. George was awarded an undivided 3/4 interest, while each of the children received an undivided 1/28 interest, subject to George’s usufruct.
George was the only co-owner to receive notice of a tax sale held by the Caddo Parish Sheriffs Office after the 1999 parish taxes on the property went unpaid. As a result of the sale, Cody acquired its ownership of the property on July 19, 2000.
C & C Energy, L.L.C., and Red Sox Investments, L.L.C. (“C & C”), acquired the seven children’s undivided 1/4 interest in the property[1] after the tax sale. C & C filed suit to annul the tax sale deed and then filed a motion for summary judgment. Cody filed an opposition to C & C’s motion | .¿for summary judgment and asserted a cross motion for summary judgment in which it claimed that the sale was valid in its entirety or at least valid as to George’s 3/4 interest.
The court granted C & C’s motion, declaring the tax sale null and further ordering its cancellation from the public records. This appeal followed.

Discussion

A motion for summaiy judgment shall be granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.08/21/96), 679 So.2d 477.
Regarding the notice required prior to a tax sale of immovable property, La. R.S. 47:2153[2] provides, in part:
A. On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall send a written notice by United States mail postage prepaid to each tax notice party when the tax debtor has not paid all the statutory impositions which have been assessed on immovable property, notifying the person that the statutory impositions on the immovable property shall be paid within twenty days after the sending of the notice or as soon thereafter before the tax sale is scheduled, or that tax sale title to the property will be sold according to law[.] (Emphasis added).
| ;>Cody argues that the tax sale is valid because notice was given to George, who was responsible for taxes and was the usufructuary. Cody cites Spikes v. O’Neal, 193 So. 487 (La.App. 1st Cir.1940), in support of this theory. However, the U.S. Supreme Court and the Louisiana Supreme Court have both since ruled that co-owners must receive notice. Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); Lewis v. Succession of Johnson, 05-1192 (La.04/04/06), 925 So.2d 1172. Due process requires “notice reasonably calculated, under all circumstances, to apprise in *420 terested parties of the pendency of the action and afford them an opportunity to present their objections.” Mennonite Bd. of Missions, 462 U.S. at 795, 103 S.Ct. at 2709 (citing Múllame v. Central Hanover Bank & Trust Co., 389 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The sale of property for nonpayment of taxes is an action that affects a property right protected by the due process clause of the 14th Amendment of the U.S. Constitution.[3] Mennonite Bd. of Missions, supra. Any party with a legally protected interest in property “is entitled to notice reasonably calculated to apprise him of a pending tax sale.” Id., 462 U.S. at 798, 103 S.Ct. 2706.
The Louisiana Supreme Court has stated that lack of notice to each co-owner is fatal to a tax sale. Lewis v. Succession of Johnson, supra. “[E]ach co-owner is entitled to individual written notice of delinquent taxes because alienation by tax sale of immovable property, owned in indivisión, |4without notice to each co-owner deprives the owners of due process.” Id. at 1181. “Written notice to one co-owner cannot be imputed to other co-owners.” Id. at 1182. Thus, a tax sale is null and void without notice.
The next question raised is whether the tax sale is null and void as to all co-owners, including the co-owner who received notice, or only as to the co-owners who were without notice. Therefore, we must determine whether this tax sale is null and void in its entirety.
The Lewis court stated in its conclusion: The tax sale, is therefore, null and void as it pertains to Matthew Johnson, Sr., Myrtle Johnson Franklin, and Aaron Perry Johnson, Sr. Additionally, the advertisement, which would have been an additional reasonable step to notify Deo-la Mae Johnson James if in proper form, was insufficient for the reasons cited hereinabove so the tax sale as it relates to Deola Mae Johnson James was null and void.
Id. at 1184. Thus, Cody argues that the supreme court would have validated the sale as it pertained to Deola Mae had she herself received sufficient notice. We disagree.
One co-owner cannot pay its portion of the tax and prevent the sale of all of the property; the tax amount must be paid in full. La. R.S. 47:2153. Notice is required to be given to all co-owners before the tax sale occurs. Thus, as the trial court found, a tax sale without proper notice to all co-owners is null and void in its entirety.

Conclusion

For the aforementioned reasons, and taking into consideration the potential deprivation of Constitutionally protected property rights under the Due Process Clause of the Fourteenth Amendment, we affirm.
DREW, J., dissents with written reasons.

. The Gorsulowsky children conveyed their interest by Act of Cash Sale to Bobbie D. Mitchell, who in turn conveyed her interest to C & C Energy, L.L.C., and Red Sox Investments, L.L.C.

. La. R.S. 47:2180 has been revised and renumbered as La. R.S. 47:2153.

. The 14th Amendment of the U.S. Constitution states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process!.]”