PONDER, Justice.
 

 This is an appeal from a judgment sustaining a plea of prescription of ten years acquirendi causa.
 

 Robert Wood Clayton died intestate on May 14, 1910. At the time of his death he was a resident of Concordia Parish. On May 18, 1910, his succession was opened in that parish by petition filed by his brother, John E. Clayton, who applied to be appointed administrator. It is represented in the petition that Robert Wood Clayton was a widower and that his sole issue was his minor son, Robert Waddell Clayton. The inventory and appraisal made in the succession shows that Tanglewood Plantation formed a part of the estate.
 

 Shortly thereafter John E. Clayton was appointed and qualified as administrator, and administering the succession he filed a final account which was approved by the District Court on October 18, 1913. The judgment approving the final account ordered the appointment and qualification of a tutor for Robert Waddell Clayton, then a minor and designated as the sole heir and legal representative of the deceased, and authorized the administrator to deliver into the possession of the tutor all of the assets of the succession. The record does not show that any tutor was ever appointed. The administrator died some time in 1923, and Robert Waddell Clayton, then 19 years of age, applied to the District Court for the Parish of Allen, where he was then living, to be emancipated. Shortly thereafter it appears that a judgment of emancipation was rendered by the District Court of that parish. Upon application to the District Court of Concordia Parish, Clayton was recognized as the sole heir of the decedent and sent into possession of the decedent’s estate by a judgment of court rendered on the 26th day of October, 1923.
 

 On November 16, 1923, Robert Waddell Clayton executed a mortgage on Tangle-wood Plantation for $340.45 in favor of the attorney who had represented him in obtaining his emancipation in Allen Parish and in his application for possession of the
 
 *218
 
 property in Concordia Parish, in payment of fees for such services.
 

 On November 24, 1923, he sold Tangle-wood Plantation to Dr. Peter E. Magoun, the husband of his mother’s sister. The authentic act of sale recites that Tangíewood Plantation is conveyed to P. E. Magoun for a consideration of $10,000, one-half of the net revenue of the property, and 80% of all monies derived from the sale of the timber thereon, and the assumption of “the present encumbrance” on the property. The deed recites that there was no cash payment, and the balance of the purchase price is represented by a note for $9,600, due three years from date, not transferable, bearing no interest, and enforceable only against the property.
 

 Magoun took possession of the property and put tenants thereon, who conducted farming operations. He also cut and sold some of the timber on the place.
 

 In January, 1925, Magoun, by authentic act, transferred the property to Robert Waddell Clayton, wherein the consideration is recited as being the cancellation of the promissory note of $9,600. The record shows that Clayton refunded to Magoun the taxes for the year 1924, paid the mortgage in favor of the attorney, and never demanded an accounting of the revenues derived from the sale of timber.
 

 Both of these deeds were duly recorded in Concordia Parish, but the latter act only was recorded in Tensas Parish, in the year 1941.
 

 The portion of Tanglewood Plantation lying in Tensas Parish was sold in 1930 'for taxes to the father-in-law of Robert Waddell Clayton. Clayton subsequently reacquired this property from his father-in-law.
 

 A number of instruments granting rights of way and mineral leases, etc., were subsequently executed by Clayton to various parties who are also defendants in the present suit.
 

 On July 6, 1943, the plaintiffs, Ella Angeline Everett, now married to B. P. Ball; Elva Elsa Clayton May, Addlee Oberta Clayton Cherry, and Richard Spencer Lee Clayton, alleging themselves to be the surviving widow and children of the deceased Clayton, brought this suit against Robert Waddell Clayton and the various persons holding rights under him, seeking to be recognized as the lawful owners of Tangle-wood Plantation and seeking the cancellation of the instruments transferring rights to various parties.
 

 The defendants filed pleas of prescription based on the ground that they and their authors in title have been in possession of the property for more than ten years under titles translative of property. Upon trial the District Court sustained the pleas and the plaintiffs have appealed.
 

 The record shows that the defendants have all acted in good faith. There is no question but that Robert Waddell Clayton honestly believed he was the only heir of his deceased father, that he was legally
 
 *220
 
 emancipated and placed in possession of the property, believing himself to be the owner thereof. The transfer of the property to Magoun was executed in good faith, and the property was reacquired by Clayton in good faith. There is considerable evidence in the record showing that the parties acted in good faith, and none to controvert that fact. The record shows that the property has been in the possession of Robert Waddell Clayton for more than ten years under' the deed from Magoun, and that it was in the possession of Magoun some fourteen months prior thereto under Magoun’s deed from Clayton.
 

 It appears from the record that the plaintiffs have never contested any of the succession proceedings instituted-in 1910, nor made any claim to be owners of the property, until after two of them were informed in the latter part of 1941 that they were not illegitimate children, and only after a marriage certificate had been found evidencing the fact that their mother, one of the plaintiffs herein, had been lawfully married to the decedent in February, 1899. This, in our opinion, corroborates the good faith of Robert Waddell Clayton and that he had reasonable grounds to believe that he was the true heir of his deceased father.
 

 The case in our opinion resolves itself into the question of whether or not the deed from Clayton to Magoun, or the deed from Magoun to Clayton is sufficient to serve as the basis of prescription.
 

 The plaintiffs contend that the pleas of prescription were not well founded for the following reasons:
 

 “1. The judgment of possession in the succession proceeding was not a title translative of property on which the prescription of ten years can be based. Robert Waddell Clayton, possessing under such a judgment, inadequate to form the basis of the prescription of ten years, could not improve his title in that regard by the transfer to, and retransfer back to himself from, Dr. Magoun, his kinsman.
 

 “2.
 
 The transfer by Robert Waddell Clayton to Dr. Magoun, and retransfer from the latter to the former, were not acts translative of ‘just title’, and so could not form the basis of the prescription of ten years.
 

 “3. Robert Waddell Clayton remained domiciled, during his‘ minority, in Concordia Parish. His emancipation by the Court of Allen -Parish was null for want of jurisdiction. He accordingly remained a minor until he reached the age of 21 years. The transfer by Robert Waddell Clayton to, and retransfer from, Dr. Magoun back to himself during the minority of the former, were null for want of his capacity to contract. Both parties were chargeable with knowledge of the relevant facts and law; and the prescription of ten years could not and did not accrue-because of this legal bad faith on the part of the possessor. This legal bad faith could not be cured by
 
 *222
 
 implied ratification of the instruments by the minor after reaching his majority.
 

 “4.
 
 Robert Waddell Clayton was never in possession of that part of Tanglewood Plantation lying in Tensas Parish. Neither of the instruments of 1923 and 1925 on which he rests his plea of prescription was recorded in Tensas Parish until 1941. The prescription of ten years will not lie under such circumstances.”
 

 It is well settled that a judgment placing an heir in possession of property is not a title translative of property on which prescription can be based, and the defendants do not so contend. Defendants rely, first, on the deed from Clayton to Magoun, and, secondly, on the deed from Magoun to Clayton, claiming that either of these deeds is sufficient to support the plea of prescription.
 

 The appellants are under the impression that Clayton, possessing under a judgment that is inadequate to form the basis of prescription, could not improve his title by transfer to Magoun and the retransfer of the property to himself by Magoun. The cases cited by counsel in support of this contention, namely, Spears v. Spears, 173 La. 294, 136 So. 614; Blocker v. Continental Securities Corporation, La.App., 157 So. 155; and Montgomery v. Whitfield, 41 La.Ann. 649, 6 So. 224, are not pertinent. In the Spears and Montgomery cases the conveyances were purposely made with a view of bettering' the title, in pursuance of a design. The present case presents no such circumstances. The Blocker case involved the redemption of property sold for taxes.
 

 It is of no particular moment whether Clayton was the actual owner of the property at the time that he ceded it to Magoun, so long as the parties honestly believed him to be such. In fact, a deed to property, valid in form and disclosing no apparent defect in the vendor’s title, acquired from one who was not the actual owner of the property, where the parties thereto believed him to be the actual owner, is sufficient to support a plea of prescription. Greening v. Natalie Oil Co., 152 La. 467, 93 So. 682, and cases cited therein; Bowers v. Langston, 156 La. 188, 100 So. 301; Keller v. Summers, 192 La. 103, 187 So. 69. If the transferor’s title was perfect there would be no necessity for prescription. It may be true that a person cannot transfer better title than he has, but a defective title may be cured by prescription where the deed is valid, in form. -
 

 There has been considerable argument advanced as to whether or not the deed from Clayton to Magoun is an act of sale or a rente fonciere, as defined in Articles 2779 et seq. of the Civil Code. From an examination of these articles of the Code and the case of Vincent v. Bullock, 192 La. 1, 187 So. 35, it is apparent that the deed is not a rente fonciere for the reason that there is no reservation of an an-'
 
 *224
 
 nual rent of any sum of money or quantity of fruits.
 

 There is no question but that this deed would have been sufficient to support a plea of prescription if Magoun had not disposed of the property and had continued in possession of it. In the case of Bennett v. Calmes, 116 La. 598, 40 So. 911, it is stated (in the syllabus, prepared by the Court) : “The original vendor was in possession and sold the property by title valid in form. This was a sufficient starting-point for the prescription afterward acquired.”
 

 Under the provisions of Article 3479 of the Civil Code, four conditions must concur in order to acquire the ownership of immovables by the acquisitive prescription of ten years, viz: good faith, a just title, uninterrupted possession as owner, and an object which may be acquired by prescription. The deed to Magoun is valid in form, describes the property with sufficient particularity, the property was acquired by Magoun believing Clayton to be the real owner, and there has been physical possession of the land, as owner, for more than ten years by Magoun and Clayton, his vendee. This complies with the conditions required by the Code: good faith, just title, identity of the property, and continuous and uninterrupted possession as owner. LeBleu v. Hanszen, 206 La. 53, 18 So.2d 650. The fact that Clayton reacquired the property, in the absence of any bad faith, could have no effect on this deed, or affect it as a basis for prescription. The record shows that before Clayton reacquired this property there was considerable negotiation between him and Magoun with a view to his repurchasing the property.
 

 Insofar as the deed from Magoun to Clayton is concerned, it would appear that it was a sale and sufficient to support a plea of prescription. If, as appellants contend, the reacquisition of this property by Clayton was a dation en paiement, it would nevertheless support a plea of prescription. Civil Code, Articles 2656, 2659; Lewis v. Lewis, 129 La. 638, 56 So. 621; Troplong, Prescription, t. 2, Nos. 876 and 877; Marcade, Explication du Code Napoleon, Commentary on C.N. Articles 2265-2269.
 

 If the parol testimony were taken into consideration, which is not necessary for a decision in this case, it absolutely shows that there was an actual cash consideration paid in the latter conveyance.
 

 Under the circumstances in this case, the plaintiffs could not be afforded any relief if the judgment of emancipation were null, for the reason that Clayton, upon reaching majority, has never repudiated his acts. The transfer of property by a minor is not necessarily void, but voidable. He may upon reaching majority, ratify his acts. Moreover, the laws affecting minority are made for the benefit of the minor and it would appear that he alone can complain.
 

 
 *226
 
 We might say, however, that the finding of the lower court that there was no competent evidence produced to show that the judgment of emancipation was rendered by a court without jurisdiction is supported by the record. Such judgment is necessarily presumed to be valid unless the contrary is shown.
 

 The appellants contend that there was legal bad faith on the part of the possessors, and cite Article 1846, Sec. 3 of the Civil Code, and the cases of Heirs of Dohan v. Murdock, 41 La.Ann. 494, 6 So. 131, and Roberson v. Reed, La.App., 190 So. 153.
 

 While the record does not show that any tutor was ever appointed, yet there is nothing therein to show that one was not appointed. In the absence of any affirmative proof, we are in no position to say that the judgment emancipating Clayton was rendered by an incompetent court. Consequently, we cannot say from this record that the possessors acted in legal bad faith because of an error of law.
 

 We are of the opinion that the deed from Clayton to Magoun is sufficient to form the basis of prescription pleaded herein, and that Clayton had a right to tack Magoun’s possession on to his own: Ar-tide 3493 of the Civil Code. We are also of the opinion that Clayton and his author have had continuous possession of the property for more than ten years, and that the plea of prescription was properly sustained by the lower court.
 

 We are of the further opinion that the deed from Magoun to Clayton is sufficient to support a plea of prescription, and that possession thereunder existed more than ten years.
 

 The entire Tanglewood Plantation has been in the possession of Clayton for more than ten years as owner under a title translative of property. The fact that a portion of this land'lies in Tensas Parish, where no deed was recorded until 1941, is of no particular moment for the reason that Tanglewood Plantation is one continuous tract of land and has been held in open and notorious possession for more than ten years by Clayton as owner under a title translative of property. Bernstine v. Leeper, 118 La. 1098, 43 So. 889, Cherami v. Cantrelle, 174 La. 995, 142 So. 150. Both these cases appear to hold that a person can prescribe under an unrecorded title.
 

 For the reasons assigned, the judgment is affirmed.