AYRES, Judge.
Plaintiffs, Mrs. Carrie Belle Walker Boyet, widow of Shelby B. Boyet, deceased, and her two sons, O. Reece Boyet and J. Marshall Boyet, alleging they own and are in actual physical possession of the following described property:
Beginning at the northwest corner of the SE °f SE Yu, Section 24, Township 18 North, Range 9 West, La. Mer., extending 9 chains south to the Sparta Road, thence parallel with said road 11 chains, thence north 11 chains, thence northwest to the corner of the SE 14 of the SE }4 of the aforesaid section, township and range, containing 10 acres, more or less,
together with other lands containing a larger tract of which the above is a part, instituted this action in jactitation averring that the defendants, the Brushwood Methodist Church and the trustees thereof, have slandered their title by the execution and recordation of an oil, gas and mineral lease covering said property dated April 9, 1951, filed for record April 28, 1951, and duly recorded in the Conveyance Records of Webster Parish, Louisiana. The defendant, Brushwood Methodist Church, admitted the execution and recordation of the aforesaid lease, denied plaintiffs were the owners of said property and asserted title in itself, which it deraigned from and through Noel H. Boyet, thus converting the action into a petitory action.
In their answer, defendants additionally plead estoppel by warranty against plaintiffs for the reason that Noel H. Boyet had warranted the title of the property to the Church against “the lawful claims of myself, my heirs, my executors and administrators”, and that Shelby B. Boyet and his brothers and sisters had unconditionally accepted the succession of their deceased father, thus obligating themselves for his warranty, and that plaintiffs had likewise accepted unconditionally the succession of Shelby B. Boyet, thus likewise obligating themselves to discharge the aforesaid warranty. Plaintiffs plead in support of their claim to title of said property the acquisitive prescription of 30 years (LSA-C.C. Art. 3499 et seq.) as to the entirety of the property and the acquisitive prescription of 10 years (LSA-C.C. Art. 3478 et seq.) in respect to an undivided %ths interest therein. Upon these issues the case was tried, after which there was judgment recognizing the defendant, Brushwood Methodist Church, as the owner of the aforesaid property and, as such owner, entitled to possession thereof, the judgment impliedly overruling plaintiffs’ pleas of prescription. Plaintiffs appealed.
The record discloses that as of January 30, 1886, Noel H. Boyet acquired a tract of contiguous lands in Webster Parish, Louisiana, adjoining the Minden-Sparta Road (one of its western boundaries), including EY2 of SE14, less a small portion in the southwest corner west of the Minden-Sparta Road, Section 24, Township 18 North, Range 9 West, Louisiana Meridian, and that out of which on August 5, 1887, Boyet conveyed to the trustees of the Brushwood Methodist Church South, predecessor of plaintiff, the 10-acre tract as hereinabove described to' be used for the purpose of a campground for said Church. Pursuant to the purpose for which the conveyance was made, the said Noel H. Boyet moved his fences to the line separating this tract from his other lands. Buildings and other' improvements were erected on the property and camp meetings were held for at least three years, after which, how *595 ever, the property was no longer used for church purposes.
At the time of the institution of this action, the property in controversy was enclosed with fences encompassing plaintiffs’ other property and plaintiffs were in actual physical possession thereof. As to when Noel H. Boyet and/or his heirs reoccupied this property, or just when it was again enclosed by fences, the testimony is most contradictory and in hopeless conflict. There is testimony in the record that soon after the property ceased to be used for church purposes, Noel H. Boyet replaced the fence along the Sparta Road, thus bringing the property within his enclosures ; that the enclosures had been maintained continuously ever since, first, by means of a rail fence, later by a smooth wire fence and later by a mesh wire fence, the witnesses testifying that during this time this particular property, on account of springs located thereon, was used as a pasture. It is not contended, however, that any portion of this property was ever cleared or cultivated, but it is contended that it was enclosed by fences encompassing other property which was cultivated.
Other witnesses, apparently of equal credibility and having an equal opportunity of observing and knowing the facts, emphatically controvert these claims. They assert that it was much later than plaintiffs claim when plaintiffs and/or their ancestors reacquired possession of the property and enclosed it by fences. They particularly dispute plaintiffs’ claim as to their possession and occupancy of the property and its enclosure by fences along the Sparta Road until the year 1934 when, they say, a fence was erected by one Tom Baldwin, who was assisted by his son, John L. Baldwin, a witness who testified in the case.
We do not deem it necessary or that it would serve any useful purpose‘to review in detail the testimony of the 19 witnesses who testified on this subject. The trial judge was of the opinion that the evidence was too vague, indefinite, and uncertain to support the plea of 30 years acquisitive prescription. From our own review of the record, we are not convinced that it is established by a preponderance of the evidence that plaintiffs and/or their ancestors repossessed this property and/or enclosed it by fences until 1934.
The general rule is that one pleading prescription has the burden of proof and must prove the facts necessary to sustain the plea. Lebarre v. Rateau, 210 La. 34, 26 So.2d 279; Pierce v. Hunter, 202 La. 900, 13 So.2d 259; Walter v. Calcasieu Nat. Bank of Lake Charles, 192 La. 402, 188 So. 43; Ernest Realty Co., Inc. v. Hunter Co., Inc., 189 La. 379, 179 So. 460; Liles v. Pitts, 145 La. 650, 82 So. 735.
For the reasons assigned, therefore, it cannot be said that plaintiffs have borne their burden of proof; accordingly, the plea of 30 years acquisitive prescription was properly overruled.
Next for consideration is plaintiffs’ plea of 10 years acquisitive prescription under LSA-C.C. Art. 3478, which states, in part:
“He who acquires an immovable in good faith and by just title prescribes for it in ten years.”
By the succeeding article (LSA-C.C. Art. 3479) it is declared that to so acquire immovable property, four conditions must concur: (1) Good faith on the part of the possessor; (2) title which shall be legal and sufficient to transfer the property; (3) possession during the time prescribed by law, and (4) an object that can be acquired by prescription.
Defendants concede that plaintiffs have had possession of the property for the requisite period of time and that title to the property is subject to be acquired by prescription, but contend that plaintiffs lack the first two of the aforesaid requirements necessary to support their plea, which shall now be considered in reverse order.
Plaintiffs rely upon these instruments to support their claim to a just title to an un *596 divided %ths undivided interest in and to the property: (1) A deed dated January 6, 1917, from D. W. Boyet and Mrs. Cora Boyet Monzingo, two of the children of Noel H. Boyet and Mrs. Mary Ann Boyet, deceased, conveying to the five remaining brothers and sisters the vendor’s 14th interest each in and to the estate and succession of their deceased parents and particularly of the real estate, including the tract in controversy; (2) a sheriff’s deed of August 7, 1920, in the matter of the Succession of James B. Boyet, deceased, wherein the interest of said decedent in his father’s and mother’s estate, including the property herein involved, was sold to S. B. Boyet & Company, a partnership then composed of the four remaining heirs of their deceased father and mother; (3) by an act of partition of March 1, 1921, Shelby B. Boyet acquired, among other property, purportedly the whole of the property herein involved and particularly the %ths interest by and through the deeds and instruments herein-above referred to, and (4) by the judgments in the successions of Noel H. Boyet and his wife, Mrs. Mary M. Boyet, deceased, and of Shelby B. Boyet, deceased.
An examination of these acts of conveyances of interest inherited in the aforesaid successions reveals that they were acts regular and valid on their face and were translative of title to the interest and property therein described sufficient as a basis upon which a plea of 10 years acquisitive prescription may be predicated. In Cherami v. Cantrelle, 174 La. 995, 142 So. ISO-153, it was held that acts reciting conveyances of definite fractional interests and acts identifying interest sold as inherited from a parent were sufficiently definite to identify land sold and to create warranty as regards good faith of occupant claiming title by prescription.,
Under our system of laws, one may acquire an undivided interest in lands by prescription. Par M. Troplong (Prescription 1) “De La Prescription, ou Commen-taire Du Titre XX Du Livre III Du Code Civil”, Page 378, particularly with reference to Code Napoleon Art. 2228, the translation of which reads as follows:
“Possession is the detention or enjoyment of a thing or of a right which we hold or which we exercise by ourselves, or by another who holds it or exercises it in our name”,
and which corresponds to our LSA-C.C. Art. 3426, states:
“On ne peut pas posséder la partie incertaine d’une chose, II est vrai que, si j’acquiers une portion certaine d’un immeuble, comme la moitié, le tiers, le quart, j’en pourrai prescrire la pro-priété contre le veritable propriétaire, par la possession suffisament continuee, et cela quand méme la chose serait indivise * * * ”,
which, freely translated, is:
“One cannot possess an uncertain part of a property. Yet it is true that if I should acquire a certain portion of an immovable, as a half, a third, or a fourth, I would be able to prescribe the ownership of it against the true proprietor by a possession sufficiently continued — and that even when the property is undivided.”
See also Le Blanc v. Robertson, 41 La.Ann. 1023, 6 So. 720.
In Drewett v. Carnhan, La.App., 183 So. 103, it was held that a fractional interest in real estate may be acquired — and lost— by the prescription of 10 years acquirendi causa under LSA-C.C. Arts. 3478-3479. The same rule appears to prevail at common law. In 2 C.J.S. “Adverse Possession” § 72, p. 602, it is stated:
“A deed to an undivided interest in land will support limitation, where the deed itself adequately describes the quantity of land and the extent of the interest conveyed, although such a deed will not protect the grantee, in respect of limitation, beyond the interest it purports to convey”.
*597 Ramirez v. Garza, Tex.Civ.App., 269 S.W. 1102; Martinez v. Bruni, Tex.Com.App., 235 S.W. 549.
Neither is it of any importance or consequence that the deeds relied upon were conveyances from co-heirs. In Everett v. Clayton, 211 La. 211, 29 So.2d 769, 771, Robert W. Clayton, believing himself to be the sole heir of his deceased father, conveyed property of the estate of the decedenf to a person named Magoun, from whom he (Clayton) subsequently obtained a recon-veyance, and in an action against Clayton by other persons asserting themselves as heirs of the deceased’s father, the conveyance made by the heir-vendor was held to be a sufficient basis for the prescription of 10 years. In the course of that opinion, the court stated:
“The case in our opinion resolves itself into the question of whether or not the deed from Clayton to Magoun, or the deed from Magoun to Clayton - is sufficient to serve as the basis of prescription.”
“It is of no particular moment whether Clayton was the actual owner, of the property at the time that he ceded it to Magoun, so long as the parties honestly believed him to be such. In fact, a deed to property, valid in form and disclosing no apparent defect in the vendor’s title, acquired from one who was not the actual owner of the property, where the parties thereto believed him to be the actual owner, is sufficient • to support a plea of prescription. Greening v. Natalie Oil Co., 152 La. 467, 93 So. 682, and cases cited therein; Bowers v. Langston, 156 La. 188, 100 So. 301; Keller v. Summers, 192 La. 103, 187 So. 69. If the transferor’s title was perfect there would be no necessity for prescription. It may be true that a person cannot transfer better title than he has, but a defective title may be cured by prescription where the deed is valid in form.”
“Under the provisions of Article 3479 of the Civil Code, four conditions must concur in order to acquire the ownership of immovables by the acquisitive prescription of ten years, viz: good faith, a just title, uninterrupted possession as owner, and an object which may be acquired by prescription. The deed to Magoun is valid in form, describes the property with sufficient particularity, the property was acquired by Magoun believing Clayton to be the real owner,' and there has been physical possession of the land, as owner, for more than ten years by Magoun and Clayton, his vendee. This complies with the conditions required by the Code: good faith, just title, identity of the property, and a continuous and uninterrupted possession as owner. Le Bleu v. Hanszen, 206 La.. 53, 18 So.2d 650. The fact that Clayton reacquired the property, in the absence of any bad faith, could have no effect on this deed, or affect it as a basis for prescription.”
The conclusion, therefore, follows that as the deeds relied upon are regular and valid in form and disclose no apparent defect in the vendor’s title, they are sufficient to support the plea of prescription.
As to the issue of bad faith, the general rule is that “good faith is always presumed in matters of prescription; and he -who alleges bad faith in the possessor must prove it”. LSA-C.C. Art. 3481. The record does not support defendants’ position as to bad faith on the part of plaintiffs. It was defendants’ burden to show bad faith, if such existed.
Lastly for consideration is defendants’ plea of estoppel of the plaintiffs by warranty. It is settled in the jurisprudence that the vendor is not precluded by his warranty -from seeking to reacquire by prescription the property he had sold. In Succession of Zebriska, 119 La. 1076, 44 So. 893, in considering, this question, the court said:
*598 “Counsel did, not say what that question of law was, but a question of law had been stated in the petition of intervention to the following effect, namely: That Odelie Zebriska, by reason of her warranty as heir of her father, Wm. Zebriska, the city’s vendor, was es-topped from pretending to possession as against the city, and that therefore her possession, no matter how much it may have been as a matter of fact for herself, had to be held to have been as a matter of law for the city, and hence that the city, and not she, had been in possession of the property during her occupancy of it.
“That contention derives some color from the declaration of article 2476, Civ.Code, that ‘the object of warranty is the buyer’s peaceable possession’ of the things sold. The obligation of maintaining the vendee in peaceable possession would seem to be inconsistent with any attempt on the part of the vendor to dispossess the vendee and keep him out of possession during the prescriptive period. But this article 2476 must be read in conjunction with article 2502:
“ ‘That warranty should have existence it is necessary that the right of the person evicting should have existed before the sale.’
“In other words, so long as no one gainsays the perfect validity of the title conveyed, there can be no question of warranty. From this the conclusion is unavoidable that where the vendor, without disputing the perfect validity of the title which he has conveyed, and without in any way pretending to title, seeks to reacquire by prescription the property he' has sold, and to that end takes possession of it, as any other trespasser might do, there can be no question of warranty.”
See also Frost Lumber Industries v. Harrison, 215 La. 767, 41 So.2d 674.
There is no question in this case, such as might arise when a vendor remains in possession of property sold, for here the vendee had possession of the property for a period of three years at least, after which the vendor and/or his heirs or assigns repossessed the property after the abandonment of the use for which it was acquired. The rule is that when a vendor retalies possession of the thing sold, his unexplained possession thereafter is presumed to be for himself as owner and not for the benefit of the vendee. For instance, LSA-C.C. Art. 3488 provides:
“As to the fact itself of possession, a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another”.
In this connection, it was stated in Arnold v. Sun Oil Co., 218 La. 50, 102-103, 48 So. 2d 369, 387:
“We hold to the view that, when the continued possession of the vendor is unexplained, as to third persons there is a presumption of simulation, Civil Code, Article 2480, and as between the parties the unexplained continued possession of the vendor is presumed to be for the benefit of the vendee. Civil Code, Articles 3433 and 3489. But, where a vendor is not in actual possession at the time of the sale, or where he is in possession at that time, and surrenders possession to his vendee, and where, in either of such cases, the vendor later takes or re-takes, as the case may be, possession of the thing sold, the unexplained possession of the vendor thereafter, in either case, is presumed to be for himself, as owner, and not for the benefit of his vendee.”
We think, therefore, that defendants’ plea of estoppel is without merit and should have been overruled, and that upon the merits plaintiffs are entitled to be recognized and decreed the owners of an undivided %ths interest and the defendant, Brushwood *599 Methodist Church, an undivided 9rths interest in and to the property in dispute. Accordingly, the judgment should be amended and recast and, as such, affirmed.
Therefore, it is ordered that the judgment appeal be set aside and recast and that, accordingly, it is ordered, adjudged and decreed that defendants’ plea of estoppel be and the same is hereby overruled; that plaintiffs’ plea of 30 years prescription ac-quirendi causa, pursuant to LSA-C.C. Art. 3499, be and the same is hereby overruled, and that plaintiffs’ plea of 10 years prescription acquirendi causa, pursuant to LSA-C.C. Art. 3478, be and the same is hereby sustained, and that, accordingly, it is, therefore, ordered, adjudged and decreed that the plaintiffs, Mrs. Carrie Belle Walker Boyet, widow and surviving spouse of Shelby B. Boyet, deceased, and 0. Reece Boyet and J. Marshall Boyet, be and they are hereby recognized and decreed to be the owners of an undivided %ths interest and that the defendant, Brushwood Methodist Church, be and it is hereby recognized and decreed to be the owner of an undivided ¥ith.s interest in and to the following described property, to wit:
Beginning at the northwest corner of SE of the SE 14, Section 24, Township 18 North, Range 9 West, Louisiana Meridian, extending 9 chains south to the Sparta Road, thence parallel with said road 11 chains, thence north 11 chains, thence northwest to the corner of the SE 4 of the SE 14, Section 24,' Township 18 North, Range 9 West, situated in Webster Parish, Louisiana,
and that as such and in said proportions entitled to, and they are hereby sent and placed in, possession thereof.
It is further ordered, adjudged and decreed that the costs, including cost of appeal, be apportioned and taxed against plaintiffs and defendant, Brushwood Methodist Church, in the proportions of %ths to plaintiffs and %ths to the defendant.
Amended and affirmed.