SIMON, Justice.
This suit, which began as an action of slander of title, was converted by defendants’ pleadings into a petitory action. At issue is the title to a parcel of property situ- ■ ated in Webster Parish, Louisiana, described as follows:
“Beginning at the Northwest corner of the Southeast Quarter of the Southeast Quarter (SEj4 of SEj4), Section 24, Township 18 North, Range 9 West, extending 9 chains south to the Sparta Road; thence north 11 chains; thence northwest to the corner of the Southeast Quarter of Southeast Quarter (SEi/J. of SE54) of the aforesaid section, township and range, containing 10 acres, more or less.”
. Plaintiffs, Mrs. Carrie Belle Boyet, O. Reese Boyet and J. Marshall Boyet, the surviving widow and heirs of Shelby B. Boyet, instituted this suit in jactitation averring that they own and are in the actual physical possession of the contested property and that the defendants, The Brushwood Methodist Church and its trustees slandered their title by the execution and recordation of an oil, gas and mineral lease, dated April 9, 1951 and duly recorded, covering said property.
The defendant Church admitted the execution and recordation of said mineral lease, denied plaintiffs were the owners of said property and asserted title in itself, deraigning its muniment of title, i. e., by purchase from and through Noel PI. Boyet,[1] thus converting the suit into a petitory action. In addition thereto defendant plead estoppel by warranty against plaintiffs on the ground that its author in title, Noel H. Boyet, had specifically warranted its title against “the lawful claims of myself, my heirs, my executors and administrators;” that Shelby B. Boyet and his brothers and sisters had unconditionally accepted the succession of their deceased father, and that plaintiffs had likewise unconditionally accepted the succession of Shelby B. Boyet, thus equally obligating themselves to hon- or and discharge the aforesaid warranty of title.
Plaintiffs thereupon plead in support of their asserted title to the entirety of the *346 property the acquisitive prescription of thirty years (LSA-C.C. Article 3499 et seq.) and the acquisitive prescription of ten years (LSA-C.C. Article 3478 et seq.) in respect only to an undivided %ths interest therein.
Upon these issues, after trial on the merits, there was judgment recognizing the defendant, Brushwood Methodist Church, as the owner of the aforedescribed parcel, and, as such, entitled to the possession thereof, from which we infer was an overruling of plaintiffs’ pleas of prescription. On appeal the Court of Appeal, Second Circuit, 98 So.2d 593, in recasting the judgment overruled the plea of estoppel and the plea of thirty years’ prescription but sustained the plea of acquisitive prescription of ten years, and accordingly recognized plaintiffs as the owners of an undivided %ths interest, and the defendant Church as the owner of a j^ths interest in the aforedescribed ten-acre parcel in contest, and as such ordered each placed in possession of their respective interests.
Upon the application of the defendant Church we granted writs to review the judgment of the Court of Appeal as to the correctness of it judgment sustaining plaintiff’s plea of ten years prescription acquirendi causa.
The facts reveal that on August 5, 1887, Noel H. Boyet, by authentic deed duly recorded, sold, conveyed and delivered, with full warranty of title, to the Trustees of the Brushwood Methodist Episcopal Church South—thereafter changed to Brushwood Methodist Church—the ten-acre tract- in controversy, which was carved and separated from a larger tract of land previously acquired, January 30, 1886, by Noel H. Boyet. In the act of conveyance to the Church it was therein declared that the parcel of ground was to be used as a “Camp-Ground,” or a place of worship. It appears that following this acquisition Noel H. Boyet moved his fences to the line separating this parcel from his remaining property, and thereupon the defendant took possession, erected frame buildings and the improvements thereon, which remained until the ravages of time took its toll. The time of their total obliteration is uncertain.
Without ever reacquiring the subject parcel, Noel H. Boyet and his wife, Mary Ann Boyet, died leaving seven surviving children, who caused their successions by ex parte proceedings to be opened and to have themselves recognized as owners by virtue of their heirship and sent into possession of their entire estates. Listed in the judgment as succession property was the Ei/£ of SE)4, Section 24, Township 18 North, Range 9 West (out of which the Camp Ground was carved), without excepting the disputed parcel which had been previously sold as aforestated.
By deed dated January 6, 1917, D. Wes Boyet and Cora Boyet Monzingo (two of *348 the seven children of Noel H. and Mary Ann Boyet) sold and conveyed to their five remaining brothers and sisters “all of our right, title and interest in the estates of our deceased father, Noel H. Boyet, and mother, Mary Ann Boyet,” giving as a description of their rights the property described in the judgment of possession rendered in the Succession of Noel H. Boyet.
By sheriffs deed dated August 7, 1920, Boyet & Company (a commercial partnership then composed of the remaining four heirs of Noel H. Boyet) acquired the rights, titles and interests of the estate of J. W. Boyet, deceased (one of the children of Noel H. Boyet), in and to the Estate of Noel H. Boyet, sold under Order of Court, in which the entire property was described without specifically describing the ten-acre parcel previously sold to the Church by their ancestor as aforestated.
On January 1, 1921, the four surviving members of the family partnership amicably partitioned “all of the property, real and personal, belonging to the succession of Noel. H. Boyet, deceased, and Mary Ann Boyet, deceased.” In this partition there was allotted to S. B. Boyet, now deceased, his portion, and which embraced the ten-acre Camp Ground. S. B. Boyet died on December 5, 1948, being survived by his wife and two sons, who are the plaintiffs in this action.
The title pleaded by defendants is conceded by plaintiffs to be a valid paper title to the parcel in contest and the question to be resolved is whether plaintiffs have a superior title to an undivided three-sevenths interest which they claim to have acquired by the ten-year prescription of Article 3478 of the LSA-Civil Code, which provides that “He who acquires an immovable in good faith and.by just title prescribes for it in ten years * * * ” and Article 3479, which declares that “To acquire the ownership of immovables by the species of this prescription * * *, four conditions must concur:
“1. Good faith on the part of the possessor.
“2. A title which shall be legal, and sufficient to transfer the property.
“3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
“4. And finally an object which may be acquired by prescription.”
Other applicable articles of the Civil Code are:
Article 3481: “Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it.”
Article 3482: “It is sufficient if the possession has commenced in good faith;
Article 3483: “To be able to acquire by the species of prescription mentioned in *350 •this paragraph, a legal and transferable title of ownership in the possessor is necessary; this is what is called in law a just title.”
Article 3484: “By the term just title, in cases of prescription, we do not understand that which the possessor may have derived from the true owner, for then no true prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the ownership of the property.”
Article 3485: “And in this case, by the phrase transfer the ownership of the property, we understand not such a title, as shall have really transferred the ownership of the property, but a title which by its nature, would have been sufficient to transfer the ownership of the property, provided it had been derived from the real owners, such as a sale, exchange, legacy or donation.
“Thus, prescription could not be acquired under a title resulting from a lease or loan, because these contracts do not transfer the ownership of the property.”
The rule generally accepted is that one pleading prescription has the burden of proof and must prove the facts necessary to sustain the plea. Lebarre v. Rateau, 210 La. 34, 26 So.2d 279; Pierce v. Hunter, 202 La. 900, 13 So.2d 259; Walter v. Calcasieu National Bank of Lake Charles, 192 La. 402, 188 So. 43; Ernest Realty Co., Inc. v. Hunter Co., Inc., 189 La. 379, 179 So. 460; and Liles v. Pitts, 145 La. 650, 82 So. 735.
Defendants concede that plaintiffs have had and are exercising possession of the property for the requisite period of time, but strenuously contend that plaintiffs have not sustained the first and second aforestated codal requirements necessary to support or establish their plea. Further, defendants deny that plaintiffs were in good faith, and further contend that the deed relied upon by plaintiffs was not legal and sufficient to transfer the property in contest.
In support of the charge of bad faith defendants argue that plaintiffs were not in good faith when they purchased the rights, titles and interests of their co-heirs, as aforestated, in the succession of their father, Noel H. Boyet; that the deed was not translative of title to the disputed property because a conveyance of “all of our right, title and interest in and to the estates of our deceased father, Noel H. Boyet, and mother, Mary Ann Boyet” was necessarily limited to such properties as in truth and in fact were .owned by the successions of the decedents, and that, manifestly, a sale of such titles and interests did not and could not include or purport to transfer property which they did not. own, more particularly property which had been previously sold as aforestated. *352 Thus, it is argued that the deed from D. Wes Boyet and Cora Boyet Monzingo should not be held to be a conveyance of any interest whatever in the disputed tract.
That an adequate description of the land conveyed is essential to establish the ten-year acquisitive prescription is well settled in our jurisprudence. Bendernagel v. Foret, 145 La. 115, 81 So. 869; Hunter v. Forrest, 195 La. 973, 197 So. 649; and Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225. We find that the foregoing deed relied upon by plaintiffs as the basis of the ten-year prescription contained no description of the disputed property but sought to convey only such rights, titles and interests as were then owned by virtue of the judgment of possession in their father’s succession proceedings.
It is true that, generally, one is not required to examine the public records and thus ascertain and determine the validity of the title to real property he contemplates purchasing as a condition precedent to good faith. As we said in Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369, he may purchase without any investigation of the title, and if the four conditions of Article 3479 of the LSA-Civil Code are met, he is protected by the prescription of ten years. But if the deed upon'which the prescriptive period is based contains a vague and unsatisfactory description of the property purchased and it is necessary for the vendee to institute an investigation into the extent of the title purchased and such examination reveals facts and conditions which should put a reasonably prudent person on guard, it then devolves upon him to pursue every lead and ferret out all the facts to the end that he may not purchase until he has complete information before him. If he does not do this, but purchases upon erroneous assumptions and conclusions, he does so at his own risk and peril. See Bruce v. Cheramie, 231 La. 881, 93 So.2d 202.
 The reference in the deed to the judgment of possession for a true description of the rights, titles and interests in the property being thus conveyed should have been sufficient notice to place plaintiffs on their guard and to make inquiry into the records, for it is well settled that an ex parte judgment sending heirs or legatees into possession of an estate is not, and does not purport to be, a transfer of title, and such a judgment cannot serve as a basis for the prescription of ten years acquirendi causa. See Everett v. Clayton, 211 La. 211, 29 So.2d 769; Tyler v. Lewis, 143 La. 229, 78 So. 477; and Succession of Lampton, 35 La.Ann. 418.
• Obviously, then, it became necessary for plaintiffs to examine all available acts evidencing the muniments of whatever rights they were acquiring and thus determine the extent of their' vendors’ title and in *354 terest. Having failed to exercise this precaution, thereby assuming the species of ownership which their vendor did not possess, plaintiffs cannot be said to be in legal good faith without first obtaining complete information, not only as to the metes and bounds of the specific property they were purchasing, but likewise the muniments of title of their vendors. See Arnold v. Sun Oil Co., supra (citing approvingly Dinwiddie v. Cox, La.App., 9 So.2d 68), and Richardson & Bass v. Board of Levee Commissioners, 226 La. 761, 77 So.2d 32.
In the instant case, an examination of the title would have shown that plaintiffs’ father had sold the contested property before his death and had never reacquired it, thus the deed from the co-heirs conveyed no right, title or interest whatever in the subject property.
Plaintiffs contend, however, that the case of Everett v. Clayton, supra, supports their position that the deed from their co-heirs was sufficient as a basis for the ten-year prescription. In that instance Robert Clayton, believing that he had inherited Tangle-wood Plantation as the only heir of his father, sold the plantation to an uncle by marriage (Magoun), from whom Robert Clayton repurchased the property some fourteen months later. When sued by persons claiming to be the lawful heirs of their deceased father and as such the owners of the plantation, Robert Clayton pleaded the prescription of ten years acquirendi causa based upon the deed to Magoun. The plea was maintained, and in reaching this conclusion, the Court said [211 La. 211, 29 So.2d 772]:
“It is of no particular moment whether Clayton was the actual owner of the property at the time that he ceded it to Magoun, so long as the parties honestly believed him to be such. In fact, a deed to property, valid in form and disclosing no apparent defect in the vendor’s title, acquired from one who was not the actual owner of the property, where the parties thereto believed him to be the actual owner, is sufficient to support a plea of prescription. Greening v. Natalie Oil Co., 152 La. 467, 93 So. 682, and cases cited therein; Bowers v. Langston, 156 La. 188, 100 So. 301; Keller v. Summers, 192 La. 103, 187 So. 69. If the transferor’s title was perfect there would be no necessity for prescription. It may be true that a person cannot transfer better title than he has, but a defective title may be cured by prescription where the deed is valid in form.”
The Clayton case is easily distinguished from the instant case on its facts. Clayton transferred a specific property to Magoun, the property was properly described and there was no necessity to look beyond the four corners of the instrument to ascertain the extent of the title being conveyed. Thus, the deed was valid on its face with *356 out reference to other acts or instruments. The good faith of the parties was presumed when it became known that the persons contesting the ownership of the property themselves had not known that they were the lawful heirs of Clayton’s father, until thirty years after the succession proceedings.
We necessarily conclude that two of the requirements of LSA-C.C. Article 3479, namely, legal good faith and a just and legally transferrable title, as a necessary basis for one acquiring immovables under the ten-year acquisitive prescription, have not been met.
We find it unnecessary to consider the second contention of defendants as to whether an undivided interest in an immovable is an object which may be acquired by prescription.
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside and the judgment of the district court is reinstated at plaintiffs’ costs.
HAMITER, J., concurs in the decree.

. Act of sale, executed by Noel H. Boyet, dated August 5, 1887, and duly recorded in the conveyance records of Webster Parish, Louisiana.