TATE, Judge
(dissenting).
The seven children of Mrs. Adeline Duhon Trahan sue to obtain recognition of their ownership of a 53-acre tract which she owned at the time of her death. Their suit was dismissed upon a simple showing that the defendant was in possession for ten years, the trial court ruling inadmissible as immaterial any evidence that the defendant’s possession was in bad faith.
The thrust of this suit is: A judgment of possession in Mrs. Trahan’s estate fraudulently showed her mother and collaterals as her legal heirs. The defendant’s father with knowledge of this purchased the property from these false heirs. The present defendant and his father at all times possessed in bad faith and with knowledge that this lady had been survived by seven legitimate children who were the true heirs.
The trial court prevented introduction of any evidence to prove bad faith. It held *863 that it was immaterial if the author of the defendant’s title and the defendant himself had conspired with the false heirs to deprive the decedent’s children of their inheritance [1] — that all that was necessary to perfect the defendant’s title was ten years’ possession under LSA-R.S. 9:5682 (Act 584 of 1960).
With respect, the writer must urge as forcefully as he can that the majority’s affirmance of this holding is erroneous. It permits gross fraud upon minor or absent or unsuspecting heirs. An ex parte judgment of possession has been exalted as beyond attack by the true owners of property described therein, even though it is the vehicle of an intentional conspiracy to deprive heirs of their interest in property.
The majority reaches this erroneous result (1) by overlooking fundamental Civil Code concepts of ownership and (2) by mechanically classifying the present prescription as liberative instead of acquisitive in reliance upon the opening phrases rather than by considering the entire content of the statute.
1.
Under our Civil Code, ownership can never be lost by the failure to exercise it— only by the acquisition of ownership by another through possession sufficient to acquire it through an acquisitive prescription. Civil Code Article 496.[2] The courts have repeatedly held that the true owner cannot be divested of title by a liberative prescription, and that his petitory action cannot thereby be barred. See: Labarre v. Rateau, 210 La. 34, 26 So.2d 279, 283—84;. Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768, 784-788.
This is settled doctrine in Louisiana and' is a necessary consequence of the property concepts of the Civil Code. Yiannopoulos,. Civil Law of Property, volume I, Section 125 at p. 381 and Section 135 at p. 407' (1966); Aubry and Rau, Property, Section. 191 at paragraph 144 at p. 179 (2 Civil. Law Translations, Louisiana State Law Institute, 1966) ; Planiol, Civil Law Treatise,. Volume 1, Section 2446 (LSLI translation, 1959); 79 So. 784—785 (quoting several French commentators).
2.
The majority describes LSA-R.S. 9:5682' as providing a “liberative prescription” simply because its wording states that “an action * * * is prescribed in ten years-He H* #
The acquisitive prescriptions are those by which the ownership of property is acquired by “possession during the time fixed by law”. LSA-CC Art. 3458. The libera-tive prescriptions are those by which “debts: are released”. LSA-CC Art. 3459.[3]
*864 LSA-R.S. 9:5682 founds the basis of the prescriptive right upon “continuous, uninterrupted, peaceable, public and unequivocal possession of the property” for ten years after recordation of the judgment of possession.[4] Since acquisitive prescriptions are founded on possession, in the legislative symposium published by the faculty of the Louisiana State University Law School, Professor Pascal noted: “Inasmuch as a period of possession is required, the prescription is acquisitive rather than liberative in nature. It may be noted that nothing in the legislation indicates that the possession of the third person must be in good faith, but it would seem that unless the legislation is interpreted to require good faith acquisition by third party possessors claiming prescription the door to fraud will be open * * *.” 21 La.L.Rev. 53 at 64.[5]
To hold that good faith is not necessary for the defendant to acquire title by virtue of LSA-R.S. 9:5682, the majority must not only characterize the prescription as liberative but perforce must also rely upon Civil Code Article 3530. This article provides that a “debtor” claiming the benefit of a liberative prescription need not hold in good faith, for the neglect of the “creditor” is the operative fact.
Even if LSA-R.S. 9:5682 does provide a liberative prescription, I doubt this Code article is applicable. Under its terms, it applies only to debtor-creditor situations. However, the majority here applies this article against the plaintiff owners who have not been divested of title[6] — they are not “creditors” by reason of any obligation, but instead owners by inheritance.
According to the annotations, the decisions which applied this code article (3530) all involved debts, not claims of ownership. Perhaps for this reason this code article has not even been imagined to obviate good faith on the part of one claiming against the true owner the benefits of yet another liberative prescription, LSA-CC Art. 3543, curing informalities in judicial sales. Bordelon v. Bordelon, La.App. 3 Cir., 180 So.2d 855, 858.
If the present majority is right that no liberative prescription can ever be avoided *865 (even by the true owner, as compared with a “creditor”) by the bad faith of the party claiming the prescriptive right, then most certainly our Supreme Court was wrong in holding that purchasers at judicial sales-who are in legal bad faith cannot against the true owner claim the benefit of this liberative prescription. In re Union Central Life Insurance Co., 208 La. 253, 23 So. 2d 63, 72.[7] See 7 La.L.Rev. 238-40 (1947) ; Comment, 15 Tul.L.Rev. 436, 439-40 (1941); Comment, 13 Tul.L.Rev. 615, 616 (1939).
The cited decision and commentaries note that the jurisprudence under this article (3543) holds that the article’s liberative prescription applies only in favor of one who has acquired ownership by the ten-year good faith acquisitive prescription. This is in accord with our fundamental property theory that an owner can lose his title only by an acquisitive, never by a liberative, prescription.
In my opinion, the appellants correctly state that the simple purpose of the 1960 legislation enacting LSA-R.S. 9:5682 is to afford a recorded judgment of possession the same status as an act translative of title for purposes of acquiring title by ten years’ good faith possession. LSA-CC Art. 3478 et seq. Just a few months prior to its enactment, the Supreme Court had reaffirmed our consistent prior jurisprudence in holding that an ex parte judgment of possession cannot serve this function, since it does not purport to be a “transfer” of title. Boyet v. Perryman, 240 La. 339, 123 So.2d 79 (syllabus 5). By the majority’s present interpretation of the remedial statute, the ex parte judgment of possession (which may be secured silently and fraudulently, by connivance omitting minor or absent or quiescent heirs) is now made not only equivalent to a good faith conveyance but additionally is given an effect of res judicata and invulnerability even greater than that of contested judgments (which may be annulled for fraud at any time within a year after the fraud is discovered, LSA-CCP Art. 2004).
In summary, the majority’s interpretation of LSA-R.S. 9:5682 permits one in bad faith, with full knowledge of the fraud, to acquire title ten years after a fraudulent judgment of possession. For the reasons too fully stated, I think this interpretation is analytically unsound and does violence to fundamental property concepts of our civil law. I respectfully dissent.

. It should be unnecessary to state that these statements are used to illustrate the type of evidence ■which the majority holds inadmissible, without the slightest intimation that such are actually facts in the present case. If the appellants are granted their day in court, it is of course entirely possible that they will be unable to prove such allegations. Also, other exceptions filed may be meritorious — but the only issue here is the ten years’ prescription under LSA-R.S. 9:5682-84, the sole exception sustained by the trial court, see Tr. 96, 101-02.

. Art. 496. “The ownership and the possession of a thing are entirely distinct. “The right of ownership exists independently of the exercise of it. The owner is not less the owner because he performs no act of ownership, or because lié-is disabled from performing any such act,- or even because another performs such acts without the knowledge or against: the will of the owner.
“But the owner exposes himself to the■ loss of his right of oimiership in a thing• if he permits it to remain in the possession of a third person for a time sufficient to enable the latter to acquire it: by prescription.” (Italics mine.)

. Despite the blanket language of Arts-3459 and 3558 that these liberative prescriptions bar “all” actions, real and personal, the jurisprudence notes that such-liberative prescriptions do not bar actions by oioners; they must be read in conjunction with the acquisitive prescription-articles so as not to provide other pre *864 scriptions for acquiring ownership. Lee Labarre v. Rateau at 26 So.2d 283; Harang v. Golden Ranch Land & Drainage Co. at 79 So. 786-787. The Harang case pointed out that the liberative prescriptions are modified by the provision of LSA-CO Art. 3457 that prescriptions either provide for acquiring property or else discharging debts “under the conditions regulated T)y law" ; therefore, in legal context, and underlying condition is that no owner loses title unless another acquires title (and title cannot be acquired by a liberative prescription), 79 So. 786.

. LSA-R.S. 9:5682 provides:
“An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly, or collectively, have been in continous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish whore the property is situated * * (Italics mine.)

. It is to be noted that another distinguished commentator likewise felt that good faith possession must be required by one claiming the benefit of this prescription. Ben R. Miller, Judgments of Possession, 35 Tul.L.Rev. 567 at 586 (see his text at footnote 6). Until the present opinion there has been no expression whatsoever of opinion that one could acquire title in Louisiana by ten years’ bad faith possession in reliance upon this statute.

. That is, accepting as true the allegations of the pleadings and the uncontradicted evidence, insofar as admitted by the trial court.

. The Supreme Court there annulled a judicial sale — not a mere ex parte judgment of possession, as here — which attempted to divest children of a decedent of their ownership of inherited property under facts not as fraudulent of their rights as here indicated (by the allegations) by the intentional omission of them from a judgment of possession.