MILLER, Judge.
This case is before us on a motion to dismiss the suspensive appeal alleging that the suspensive appeal bond was not timely filed.
The case was tried before Honorable Walter M. Hunter, now deceased, and was later submitted to the Honorable A. M. D’Angelo, District Judge, who took the case under advisement. Written reasons were handed down April 21, 1969, and judgment was read and signed in open court May 21, 1969. Counsel for appellant was not present at that time.
There is a certification in the record on a form used by the Clerk of Court for Rap-ides Parish, Louisiana, to certify that notice of the signing of a judgment was mailed to counsel of records; however, the certificate was altered to show that a copy of said notice of the signing of judgment was instead placed in the attorney’s box in the Clerk of Court’s Office, Rapides Parish Courthouse, Alexandria, Louisiana.
Defendant-appellant alleges that he did not receive this notice nor a copy of said judgment. He alleges that his first information regarding the signing of the final judgment was received June 9, 1969, in a routine telephone check to the trial judge’s office to determine if the judgment had been signed. Counsel states that on the same day that he learned that the judgment had been signed, he prepared and filed an order of suspensive and devolutive appeal wherein the judge set the respective appeal bonds. On June 16, 1969, the suspensive appeal bond was filed.
The notice of the signing of judgment reads as follows:
“STATE OF LOUISIANA
PARISH OF RAPIDES
THIS IS TO CERTIFY that on the 21st day of May, 1969, Notice of the signing of the Judgment in this case was placed in the boxes of all parties raalled ‡© all and/or counsel interested therein.
WITNESS my hand at Alexandria, Louisiana, on this 21st day of May , 19 69 .
P. M. DYER, JR.
CLERK OF COURT
BY CATHERINE SUE WHITE
Deputy Clerk of Court”
The words crossed out are “mailed to all”.
The issue is: Does Code of Civil Procedure Article 1913 require that notice of judgment be mailed when a case has been taken under advisement by the court, or does placing notice of judgment in the attorney’s box located in the clerk of court’s office suffice?
The relevant sections of Code of Civil Procedure Article 1913 as amended by Acts 1968, No. 127, Section 1, provides:
“ * * * Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall he mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.”
*502 “ * * * The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed. * * * ” (Emphasis added.)
This article requires mailing the notice of judgment. These provisions are mandatory and the Clerk’s certificate must show the date on which notice was mailed. In this instance, the Clerk’s certificate affirmatively indicates that the notice was not mailed.
The record reveals that judgment was read and signed in open court May 21, 1969, after taking the case under advisement and without appellant’s attorney being present. Accordingly, under the mandatory provisions of Code of Civil Procedure Article 1913, the Clerk is obligated to mail notice to counsel so that he can timely take an appeal.
There being no showing that notice was received by counsel, and no certificate of the mailing of notice of the signing of judgment as required by Code of Civil Procedure Article 1913, the date of the beginning of the toll of the delays for applying for a new trial under Code of Civil Procedure Article 1974 would be June 10, 1969. Therefore, the suspensive appeal was timely perfected on June 16, 1969. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La.App. 3d Cir. 1967) and cases therein cited.
As we stated in the cited decision 201 So.2d 130, 134:
“By LSA-CCP Art. 1913, as amended in 1961 (see footnote 1), the district clerk is under a mandatory duty to file a certificate showing the date of mailing of the judgment and to whom. The evident purpose of this provision is to avoid uncertainty as to the extinction of favored rights of appeal and to prevent disputes such as the present. In the absence of such a certificate, doubts should be resolved in favor of the right to appeal.” (Citations omitted.)
For these reasons, the motion to dismiss the suspensive appeal is denied. The assessment of costs is to await the final disposition of the appeal.
Motion to dismiss denied.