386 So.2d 674 (1980)
Wayne ATTAWAY et al., Plaintiffs-Appellees,
v.
Louis CULPEPPER, Defendant-Appellant.
No. 7601.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1980.
Rehearing Denied August 22, 1980.
*675 Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for defendant-appellant.
Whitaker & Doggett, John B. Whitaker, Natchitoches, for plaintiffs-appellees.
Before CULPEPPER, SWIFT and STOKER, JJ.
SWIFT, Judge.
The plaintiffs, Wayne and Carson Attaway, brought this suit for a partition by licitation of a tract of land particularly described as:
"A certain tract of land situated and located in the Parish of Natchitoches, Louisiana, situated and located with all buildings and improvements thereon, containing 23 acres, more or less, situated and located on the northwest corner of Section 55, Township 8 North, Range 7 West, bounded North by property now or formerly of Culpepper, East by property now or formerly of Edwards, South by property now or formerly of Pratt, and West by property now or formerly of Johnson.
The defendant, Louis Culpepper, answered denying plaintiffs' ownership and in the alternative reconvened for damages for breach of warranty. In addition, he pled that title to the property had been established by acquisitive prescription of ten years provided by LSA-C.C. Art. 3478.
After trial the judge found that defendant was aware of an outstanding interest in the land when he bought it in 1952 from Mrs. Lese Rachal Attaway and the heirs of Andrew T. MaHaffey, her former husband. Therefore, the plea of ten years good faith prescription was overruled, the undivided one-fourth interest of each plaintiff was recognized and a partition by licitation was ordered.
The specifications of error by defendant-appellant on this appeal are that the trial court erred in:
1) Finding that he possessed the property in bad faith;
2) Failing to sustain his plea of prescription;
3) Dismissing his reconventional demand for breach of warranty.
The facts are that the property was sold by the Natchitoches Parish Tax Collector to Mrs. Attaway in 1931 for unpaid taxes of 1930 under an assessment to the heirs of A. T. MaHaffey. She was married at the time to R. N. Attaway and presumptively the land was acquired by their community of acquets and gains. Mr. Attaway died in 1948 leaving six children, four of whom conveyed their interests in the property in 1956 to the other two, who are the plaintiffs in this suit.
The 1952 deed to defendant contained a declaration that the vendors were the widow and sole heirs of Andrew T. MaHaffey *676 and that the property was acquired by him while married to Leze Rachal. However, this was not established as a fact. The only acquisition by Mr. MaHaffey in the record is a deed dated March 12, 1910, whereby Mr. MaHaffey, who was then married to Alabema Wingate, acquired 80 arpents of land in Section 55, Township 8 South, Range 7 West. The tract was not further identified except by a reference to the recordation of the vendor's deed of acquisition. Leze Rachal and Mr. MaHaffey were not married to each other until 1918.
The defendant's testimony that he was not aware of any community interest of R. N. Attaway in the property which had succeeded to his children when he purchased in 1952 was contradicted by the testimony of the plaintiffs and also Noble MaHaffey, an heir of Andrew T. MaHaffey.
Noble MaHaffey testified that some time between 1948 and 1951, when he served as a deputy sheriff in Natchitoches Parish, the defendant inquired as to whether he and his mother, Leze Rachal Attaway, were willing to sell the property. He said he told the defendant at that time "the Attaway name had come into it through a tax sale" and there were Attaway heirs as well as MaHaffey heirs involved.
Wayne Attaway testified the defendant came to their house a number of times trying to buy the property from his father, R. N. Attaway, but the latter would not sell. He also said that after his father's death defendant talked to Mrs. Attaway about Wayne's and Carson's interests in the property. When defendant brought papers for her to sign (apparently the 1952 deed) he told her he knew about the cloud on the title, but that it would be straightened out later.
Carson Attaway said the defendant came to their house three or four times while his father was alive and tried to buy this property.
Evidently, the trial judge accepted the testimony of the last three persons mentioned hereinabove as being correct. From our review of the record, we certainly cannot say that he was wrong in doing so.
The law provides that "notice of facts which ought to excite inquiry and which if pursued would lead to knowledge of other facts operates as notice thereof. Where one who has had sufficient knowledge of the facts to put him on inquiry and fails to inquire, or one who has cause to inquire and fails to avail himself of the means and facilities at hand to inform himself of the true facts, is chargeable with all the facts which by a proper inquiry he might have ascertained. LaFleur v. Fontenot, supra [93 So.2d 285, La.App.]; Malone v. Fowler, 228 So.2d 500 (La.App. 3 Cir. 1969); Boyet v. Perryman, 240 La. 339, 123 So.2d 79 (1960); Juneau v. Laborde, 219 La. 921, 54 So.2d 325 (1951)." Thibodeaux v. Quebodeaux, 282 So.2d 845, 851 (La.App. 3 Cir. 1973).
With the information that the defendant possessed, which was certainly sufficient to excite inquiry, a duty devolved on him to investigate the title. Having failed in that duty, he is chargeable with knowledge of the plaintiffs' interests and therefore was not a possessor in good faith.
Defendant's reliance on Owen v. Owen, 336 So.2d 782 (La.1976) is unfounded. That case stands for the proposition that a third party purchaser may rely on the public records even though he may have some knowledge outside the records which would tend to lay doubt on the deed's validity. Had the defendant examined the public records in this instance he was entitled to rely thereon, but such an examination would have revealed the plaintiffs' outstanding ownership.
We conclude that the defendant was at least in legal bad faith at the time of his purchase and when his possession commenced and thus has not acquired title to the property by prescription of ten years.
As to defendant's reconventional demand against plaintiffs for damages for breach of warranty, it is obvious that it could only have been asserted against Mrs. Leze R. Attaway and the heirs of A. T. MaHaffey, the vendors in the 1952 sale. *677 The plaintiffs were not parties thereto, nor does it appear that they have accepted their mother's succession. In this case their interests in the land were derived from their father, not Mrs. Attaway. The trial judge therefore correctly dismissed such demand.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant.
AFFIRMED.